Donald Wayne ARNOLD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–96–00480–CR.

Court of Appeals of Texas,
Dallas.

March 26, 1998.

Lawrence G. Boyd, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for state.

Before CHAPMAN, MORRIS and WRIGHT, JJ.

## OPINION

MORRIS, Justice.

After a trial before a jury, Donald Wayne Arnold appeals his conviction for driving while intoxicated. He challenges the trial court's denial of his motion to suppress the results of an intoxilyzer breath test he took after being arrested at the scene of an automobile accident. Based on the following discussion and analysis, we affirm the trial court's judgment.

The facts are not disputed. While driving his car at night, appellant swerved to the wrong side of the road and collided with oncoming traffic. The resulting accident involved injuries to others, but apparently not to appellant. One police officer responded to the scene and, after observing and talking with appellant and the driver of another car involved in the accident, she determined appellant was intoxicated. Appellant would not obey the officer's instructions to stay on the shoulder out of the road. Fearing for appellant's safety, the officer placed appellant in her squad car while she tended to the injured.

While the officer was speaking with paramedics, appellant got out of the squad car, fled on foot to a nearby office complex, and hid. When he was found, he refused to follow the officer's instructions to submit to arrest and was subdued with pepper spray. The officer then arrested him, informing appellant he was being arrested for DWI, driving while intoxicated. At the police station, the officer read the statutory warnings required by the "implied consent" law. *See* Act of May 27, 1993, 73rd Leg., R.S., ch. 790, § 29, 1993 Tex. Gen. Laws 3101–02 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 724.015 (Vernon Pamph.1998)). Appellant was then asked to take the intoxilyzer breath test. He consented to take the test and failed.

Appellant moved to suppress the intoxilyzer test results at trial. The trial court denied appellant's motion, and appellant was later convicted of DWI. Appellant reasserts his suppression arguments on appeal.

■ Appellant does not contest the legality of his arrest, nor could he. Appellant committed the offense of public intoxication in the officer's presence. Although appellant was not arrested for public intoxication, the police were authorized to do so because a police officer may, without a warrant, arrest a person for any offense committed in the officer's view. *See* TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977). The fact that appellant was actually arrested for DWI, which admittedly was not committed in the officer's view, does not render appellant's arrest illegal. The general rule is that a warrantless arrest for DWI will be upheld even if the officer did not see the person driving, if the person committed the offense of public intoxication in the officer's view and there is no proof of sham or fraud. *See Warrick v. State,* 634 S.W.2d 707, 709 (Tex. Crim.App.1982) (quoting *United States v. Fossler,* 597 F.2d 478 (5th Cir.1979)).

Acknowledging the above rule, appellant contends in his first point of error that, because the police were authorized to arrest him only for public intoxication and not DWI, the implied consent statute does not apply to him. Because the statute did not apply to him, he argues the intoxilyzer test should not have been given to him and, because it was, the test was administered unlawfully and should have been suppressed under article 38.23 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon Pamph.1998) (illegally obtained evidence may not be admitted at trial against the accused). We disagree with appellant's initial premise that the implied consent law does not apply to him.

Under the implied consent law, any person who operates a motor vehicle in a public place is deemed to have given consent to submit to a breath or blood test if arrested "for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle ... while intoxicated." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.09, 1993 Tex. Gen. Laws 3702 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 724.011 (Vernon Pamph.1998)). The implied consent law requires any such person be warned upon arrest that a refusal to take the intoxilyzer test may be admissible in a subsequent prosecution and will result in the suspension of his drivers license. Act of May 27, 1993, 73rd Leg., R.S., ch. 790, § 29, 1993 Tex. Gen. Laws 3101–02 (repealed 1995).[1]

Appellant argues that the implied consent law does not apply to a person arrested for public intoxication because public intoxication is not an "offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle ... while intoxicated." In essence, appellant contends the implied consent law applies only to arrests for DWI. The Austin Court of Appeals rejected this argument in *Elliott v. State*, 908 S.W.2d 590, 593 (Tex.App.—Austin 1995, pet. ref'd). The court in *Elliott* held that, by its language, the implied consent statute applied to a person arrested for any offense arising out of the operation of a motor vehicle while intoxicated, not just DWI. *Id.*

■ Like the record in *Elliott*, the facts in this case indicate that appellant's arrest for public intoxication arose out of appellant's driving while intoxicated. *Id.* Specifically, appellant caused an accident while driving intoxicated and then committed the offense of public intoxication by repeatedly wandering into the scene of that accident and endangering himself. Therefore, appellant's acts of public intoxication *arose out of* his driving while intoxicated.

■ Appellant argues, however, that the reasoning in *Elliott* is faulty because it conflicts with the legislative history of certain bills related to the driving while intoxicated law. When the language of a statute is unambiguous, we must give effect to the plain meaning of the words unless doing so would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785–86, 786 n. 4 (Tex. Crim.App.1991). In this case, the words of the implied consent law directly and explicitly state that it applies to *any* offense, not just DWI. We are not persuaded otherwise by the legislative history of bills that deal only indirectly with the implied consent law and do not address the exact issue before us.

We adopt the reasoning of the court of appeals' opinion in *Elliott*. Accordingly, we conclude appellant's arrest was within the ambit of the implied consent law. Appellant's argument that the test was unlawfully administered because the statute did not apply to him is meritless. We overrule appellant's first point of error.

■ Appellant next challenges the voluntariness of his consent to take the intoxilyzer breath test. A person who refuses to give a breath sample cannot, under the implied consent law, be forced to do so. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1577, 1578 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 724.013 (Vernon Pamph.1998)). With

---

1. Conversely, the law also provides (with one exception that does not apply here) that if a person under arrest refuses the officer's request to submit to a breath test, "none shall be taken." Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1577, 1578 (repealed 1995). The court of criminal appeals explains this seeming inconsistency as follows:

    [C]onsent being implied by law, a driver may not legally refuse. A driver, however, can physically refuse to submit, and the implied consent law, recognizing that practical reality,

forbids the use of physical force to compel submission.

*Forte v. State*, 759 S.W.2d 128, 138 (Tex.Crim. App.1988) (quoting *State v. Spencer*, 305 Or. 59, 750 P.2d 147 (1988)). Given that the test cannot be forced on a person who refuses to submit, the "implied consent" statute also comports with the long-standing rule that a person's consent to take a breath test, if given, must be voluntary. *See Erdman v. State*, 861 S.W.2d 890, 893–94 (Tex. Crim.App.1993); *Hearn v. State*, 411 S.W.2d 543, 545 (Tex.Crim.App.1967).

one exception not applicable here, the implied consent statute merely permits the state to suspend the driver's license of a person who refuses a proper request and to use the refusal in a subsequent prosecution against that person. *See* Act of May 27, 1993, 73rd Leg., R.S., ch. 790, § 29, 1993 Tex. Gen. Laws 3101–02 (repealed 1995). When a person does consent to take the test, the State has the burden to prove the consent was voluntary before it may use the test results at trial. *See Erdman v. State*, 861 S.W.2d 890, 893–94 (Tex.Crim.App.1993). Whether the consent is voluntary is a question of fact for the fact finder. *State v. Schaeffer*, 839 S.W.2d 113, 115 (Tex.App.— Dallas 1992, pet. ref'd). Absent an abuse of discretion, we do not disturb the trial court's ruling with respect to the voluntariness of the consent. *Erdman*, 861 S.W.2d at 893.

In his second point of error, appellant contends that, because the implied consent statute is inapplicable and he could not be subjected to a breath test, he was misinformed with respect to the consequences of his refusal to take the test. He claims this misinformation rendered involuntary his consent to take the test. He also argues that his consent was physically coerced by the pain and discomfort of the pepper spray the officers used to subdue and arrest him.

Because we have concluded that the implied consent law applies in this case, appellant was not misinformed with respect to the consequences of his refusal to take the intoxilyzer test. Appellant's first argument, therefore, is without merit.

Appellant's argument that he was still under the painful and debilitating effects of pepper spray when he was forced to make the decision of whether to take the intoxilyzer test is also without merit. The record shows that paramedics permitted appellant to wash his face with a saline solution shortly after he was sprayed. He was allowed to wash his face again at the police station. Appellant was given the DWI statutory warnings and agreed to take the test. The trial court, as the sole fact finder, viewed the videotape depicting the events surrounding appellant's intoxilyzer test. Appellant did not testify. There is no evidence appellant was still under the effects of the spray when he was asked to give a breath sample. More importantly, there is no evidence that the effects of the spray, if any, had an impact on his decision to take the intoxilyzer test. On the basis of the record before us, we cannot conclude that the trial court abused its discretion in rejecting appellant's argument that the pepper spray coerced him to consent to the intoxilyzer test. We overrule appellant's second point of error.

We affirm the trial court's judgment.