**William Edward BEARD, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–00401–CR.**

Court of Appeals of Texas, Eastland.

Nov. 4, 1999.

Rehearing Overruled Dec. 8, 1999.

Melvyn Carson Bruder, Dallas, for appellant.

Bill Hill, Criminal Dist. Atty., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and DICKENSON, S.J.*

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

## OPINION

BOB DICKENSON, Senior Justice (Retired).

The jury convicted William Edward Beard, Jr. of misdemeanor Driving While Intoxicated (DWI),[1] and the trial court assessed his punishment at confinement for 180 days (probated for 24 months of community supervision) and a fine of $750. We affirm.

### Background Facts

Officer Stephen Burres of the Coppell Police Department made a "warrantless arrest" of appellant on January 23, 1997, for the misdemeanor offense of DWI. The officer did not see appellant operate a motor vehicle, but the officer did see that appellant was the only person near a burning motorcycle. The officer gave field sobriety tests, arrested appellant for DWI, and asked him to take an intoxilyzer test (which produced test results that showed blood-alcohol content of 0.124 and 0.121). The trial court overruled a motion to suppress the results of the intoxilyzer test, and the court also refused a requested instruction for the jury to disregard the results of the intoxilyzer test if they found that the arresting officer "did not observe" appellant commit the offense or if they had a reasonable doubt as to that matter.

### Issues on Appeal

Appellant presents four issues on appeal, arguing that the trial court erred: (1) by admitting into evidence the results of the intoxilyzer test in violation of former TEX.R.CRIM.EVID. 702; (2) in refusing to instruct the jury concerning the law as it relates to the warrantless arrests by peace officers for misdemeanor offenses as set out in TEX. CODE CRIM. PRO. ANN. art. 14.01 (Vernon 1977) (and the conse-

quences of an unlawful arrest under TEX. CODE CRIM. PRO. ANN. art. 38.23 (Vernon Pamph. Supp.1999)); (3) in overruling the motion to suppress evidence inasmuch as the State failed to establish that the arrest was lawful; and (4) in not suppressing the results of the intoxilyzer test because of a failure to comply with applicable regulations governing the use of the intoxilyzer. All of the issues have been considered.

### Rule 702    Testimony by Experts

■ Appellant argues that the trial court erred by failing to perform its "gatekeeper function" as to expert testimony under Rule 702 in connection with the expert testimony about the intoxilyzer test.[2] This issue is overruled because TEX. TRANSP. CODE ANN. § 724.064 (Vernon 1999) specifically provides that:

> On the trial of a criminal proceeding arising out of an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle ... *evidence of the alcohol concentration* ... as shown by analysis of a specimen of the person's blood, breath, or urine or any other bodily substance taken at the request or order of a peace officer *is admissible.* (Emphasis added)

The testimony by the arresting officer, together with the testimony of Ronald D. Oliver, a technical supervisor in the Dallas County Medical Examiner's Office, is sufficient to prove that the intoxilyzer test results were admissible.

### Testimony Concerning Warrantless Arrest

The only testimony concerning appellant's arrest was given by Officer Burres; he testified that he was on duty in the evening of January 23, 1997, when he was dispatched to a car fire on East Sandy

---

1. TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp.1999) defines the offense and declares it to be a Class B misdemeanor (no prior DWI offenses) which is to be punished by confinement for not less than 72 hours nor more than 180 days. A fine of not more than $2,000, may also be assessed.

2. See *Kelly v. State,* 824 S.W.2d 568, 572 (Tex.Cr.App.1992).

Lake Road. He was about four blocks from the fire when he received the dispatch, and he could see the fire in the distance as he approached the wrecked motorcycle at about 11:30 p.m. Appellant was the only other person at the scene of the fire, and the officer had to order him away from the flames. Appellant was very upset and "emotionally distraught" that his motorcycle was on fire. Appellant said that a vehicle in front of him stopped for no reason and that he had "no choice but to ride the bike to the ground."

Officer Burres testified that appellant was swaying, that there was a "moderate odor of an intoxicating beverage coming from his breath," and that appellant had some difficulty getting his driver's license out of his wallet. Officer Burres also testified that appellant refused medical treatment and failed the field sobriety tests which were given. Officer Burres handcuffed appellant, put him in the rear seat of the squad car, and took him to the Carrollton Police Department to use their video and intoxilyzer room. Officer Burres identified the videotape and the intoxilyzer test report which were shown to the jury.

Appellant's lawyer was permitted to conduct a voir dire examination out of the jury's presence, and the record shows:

Q: Officer, for what offense did you arrest Mr. Beard?

A: Driving while intoxicated.

Q: And did you, at any time prior to arresting Mr. Beard on the 23rd of January of this year, personally observe him drive or operate a motor vehicle in a public place within the hour prior to your arrest of Mr. Beard?

A: No, sir.

Q: Did you have a warrant for Mr. Beard's arrest at the time that you arrested him for driving while intoxicated on January 23rd 1997?

A: No, sir.

*Requested Jury Instructions*

After the evidence was closed, appellant's counsel objected to the proposed charge to the jury because of the court's failure to include instructions concerning the law of warrantless arrests by peace officers for misdemeanor offenses under Article 14.01 and the use of evidence obtained in violation of the law under Article 38.23. Appellant's counsel requested the following instruction:

You are instructed that under our law ... [a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view or if the offense is an offense classed as an offense against the public peace.

You are further instructed that under our law no evidence obtained by an officer or other person in violation of any provisions of the constitution or laws of the State of Texas or the constitution or laws of the United States of America shall be admitted in evidence against the accused on ... the trial of any criminal case.

Now, therefore, if you find from the evidence that Officer Burres, on the occasion in question, arrested the defendant in this case for the offense of driving while intoxicated without a warrant, and you further find that ... Officer Burres did not observe the defendant commit such offense in his presence or within his view or if you have a reasonable doubt as to such matters, then you are instructed that ... you will not consider any evidence obtained as a result of such arrest, including the results of any tests performed by the defendant after such arrest.

*The Law Which Applies*

■ TEX. CODE CRIM. PRO. ANN. arts. 14.01–14.06 (Vernon 1977 & Supp. 1999) contain Texas' statutory law on warrantless arrests. The relevant provision is Article 14.01(b), which provides that a "peace officer" may arrest an offender

without a warrant for any offense "committed in his presence or within his view."

Appellant cites and relies upon the following language in *Segura v. State*, 826 S.W.2d 178, 184 (Tex.App.—Dallas 1992, pet'n ref'd):

> Because the arresting officer did not personally observe appellant driving his pickup truck, the officer had no authority to arrest appellant for DWI pursuant to article 14.01 of the Texas Code of Criminal Procedure.

*Segura* cited and relied upon *Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Cr.App. 1982). The State points to language in both *Segura* and *Warrick* where both of those cases held that the arrests were not illegal because the officers could have arrested each of those defendants for the offense of "public intoxication." See also *Arnold v. State*, 971 S.W.2d 588 (Tex. App.—Dallas 1998, no pet'n), where the court discussed contentions similar to those urged in the case before us by saying:

> Although appellant was not arrested for public intoxication, the police were authorized to [make such an arrest] because a police officer may, without a warrant, arrest a person for any offense committed in the officer's view.... The fact that appellant was actually arrested for DWI, which admittedly was not committed in the officer's view, does not render appellant's arrest illegal. *The general rule is that a warrantless arrest for DWI will be upheld even if the officer did not see the person driving, if the person committed the offense of public intoxication in the officer's view and there is no proof of sham or fraud.* See *Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App.1982)(quoting *United States v. Fossler*, 597 F.2d 478 (5th Cir. 1979)).

* * *

[Appellant argues] that, because the police were authorized to arrest him only for public intoxication and not DWI, the implied consent statute does not apply to him. [Consequently,] he argues the intoxilyzer test should not have been given to him and, because it was, the test was administered unlawfully and should have been suppressed under article 38.23.

* * *

In essence, appellant contends the implied consent law applies only to arrests for DWI. The Austin Court of Appeals rejected this argument in *Elliott v. State*, 908 S.W.2d 590, 593 (Tex.App.— Austin 1995, pet'n ref'd). The court in *Elliott* held that, by its language, *the implied consent statute applied to a person arrested for any offense arising out of the operation of a motor vehicle while intoxicated, not just DWI.* (Emphasis added)

We agree with the Dallas Court's reasoning in *Arnold*. A person commits the offense of "public intoxication" if he appears in a public place while intoxicated to the degree that he may endanger himself or another person. See TEX. PENAL CODE ANN. § 49.02 (Vernon 1994 & Supp.1999). Officer Burres testified that appellant was very upset and that appellant had to be ordered away from the burning motorcycle. Appellant also failed the field sobriety tests. Consequently, we hold that there was no unlawful arrest and that the trial court did not err in holding that the implied consent for breath testing applied to appellant's proper arrest for public intoxication at the scene of a motorcycle accident. There was no need for the trial court to give the requested jury instructions.[3] Issues two and three are overruled.

**3.** Article 38.23(a) provides:
  No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted

*The Pre–Test 15–Minute
Observation Period*

■ Officer Burres testified on direct examination that he observed appellant continuously for at least 15 minutes before administering the intoxilyzer test. When asked by appellant's attorney what he meant by "continuous observation," Officer Burres answered: "Basically, that means that Mr. Beard was in my presence for 15 minutes, that during that 15 minutes time he had no opportunity to place any foreign materials into his mouth." Officer Burres said that appellant was in his "presence" and that appellant never left his "actual view." Officer Burres also testified that: "I can assure you [appellant] was in my presence for the 15–minute observation period." Officer Burres also testified:

> I can assure you that before we entered the videoroom I asked [appellant] whether or not he had something in his mouth. If he stated yes, he did, I would have asked him to spit it out and a new 15–minute observation period would have been started.

There is no showing of any violation of the Department of Public Safety regulation requiring the 15–minute observation period. See *State v. Reed*, 888 S.W.2d 117, 121 (Tex.App.—San Antonio 1994, no pet'n). The fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

■

in evidence against the accused on the trial of any criminal case.

    *In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.* (Emphasis added)