Lamont L. MEEK, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 05–05–00130–CV.

Court of Appeals of Texas,
Dallas.

Nov. 10, 2005.

Deric King Walpole, Boyd Veigel, P.C.,
McKinney, for Appellant.

Jessie L. Allen, McKinney, Kevin Michael Givens, Austin, for Appellee.

Before Justices MORRIS, WRIGHT,
and RICHTER.

**OPINION**

Opinion by Justice MORRIS.

In this appeal, Lamont Meek challenges
the suspension of his driver's license following his arrest for driving while intoxicated. Meek argues the trial court erred
in affirming the administrative law judge's
suspension of his license because there was
insufficient evidence to establish probable
cause for his arrest. Because we conclude
Meek's arguments are without merit, we
affirm the trial court's judgment.

I.

On August 14, 2004, Lamont Meek was
involved in a single car accident while driving with his wife and two minor children.
One of Meek's children was injured in the
accident and Meek's wife left the scene
with the child by ambulance. Officer
Yuschak was dispatched to the scene and,
upon his arrival, observed Meek sitting on
the curb. Yuschak stated in his police

report that, after repeated attempts to get Meek's attention, Meek stood slowly and had trouble keeping his balance. Meek told Yuschak that he lost control of the car because he had been "crazy driving" to entertain his children. According to Meek, his children enjoyed it when he drove erratically. Yuschak stated in his report that Meek did not seem to understand the dangers created by "crazy driving."

While interviewing Meek, Yuschak observed that Meek had watery, bloodshot eyes and a moderate to strong smell of alcohol on his breath. Yuschak also noted that Meek spoke with "a thick tongue." After Meek stated he had had two glasses of wine, Yuschak administered a preliminary breath test that registered an alcoholic content of nearly twice the legal limit. Yuschak further stated that Meek exhibited a variety of clues that he was intoxicated while performing the horizontal gaze nystagmus test, the "walk and turn" test, and the "one leg stand" test. Based on his observations at the scene, Yuschak arrested Meek for driving while intoxicated.

On November 2, 2004, the Texas Department of Public Safety (DPS) sought suspension of Meek's license at a hearing before an administrative law judge. After hearing the evidence, the judge suspended Meek's license, and Meek appealed the ruling to the county court at law. The trial court upheld the suspension. Meek then brought this appeal.

## II.

■ This Court reviews the suspension of a driver's license by an administrative law judge under the substantial evidence standard. *See Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 162 (Tex.App.-Dallas 2001, no pet.). In applying this standard, we may not substitute our judgment for that of the judge. *Id.* The issue is not whether the judge's decision was correct but only whether the record demonstrates some reasonable basis for the judge's decision. *Id.*

■ In his single issue on appeal, Meek asserts that the administrative law judge erred in suspending his driver's license and the trial court likewise erred in affirming the decision because the evidence was insufficient to establish there was probable cause for his arrest. Specifically, Meek argues Yuschak could not properly arrest him for driving while intoxicated because Article 14.01 of the Code of Criminal Procedure permits warrantless arrests only when the offense is committed in view or in the presence of the arresting officer. Because Yuschak did not observe Meek driving while intoxicated, Meek argues his arrest was invalid.

It has long been held, however, that a warrantless arrest for driving while intoxicated will be upheld even if the officer did not see the person driving if the person committed the offense of public intoxication in the officer's view and there is no proof of sham or fraud. *See Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App. 1982); *Arnold v. State*, 971 S.W.2d 588, 589 (Tex.App.-Dallas 1998, no pet.). A person commits the offense of public intoxication if the person appears in a public place while intoxicated to the degree that the person may endanger himself or another. Tex. Pen.Code Ann. § 49.02(a) (Vernon 2003).

Meek contends he could not have been arrested for public intoxication because there was no indication that he was a danger to himself or others. In making this argument, Meek relies on Yuschak's testimony that Meek's car was so badly damaged in the accident that it could no longer be driven. Meek argues that, because he no longer had a functioning vehi-

cle, he no longer posed a threat. We disagree.

The court of criminal appeals has held that the fact a person has already been involved in a car accident is sufficient to show he poses a danger to himself or others. *See Carrasco v. State,* 712 S.W.2d 120, 122 (Tex.Crim.App.1986). Furthermore, an intoxicated person can pose a threat to himself or others regardless of whether he has access to a vehicle. *See Segura v. State,* 826 S.W.2d 178, 185 (Tex. App.-Dallas 1992, pet. ref'd) (appellant could have *run* or driven from the scene in an intoxicated manner). Although Meek did not commit any dangerous acts in Yuschak's presence, it is sufficient that Yuschak observed him to be intoxicated to the extent that he posed a "potential" danger to himself or others. *See id.*

As stated above, Meek admittedly drove the car that was involved in the one-vehicle accident resulting in injury to his minor child. After the accident, Yuschak observed Meek acting in an intoxicated manner and his preliminary breath test registered an alcoholic content of twice the legal limit. According to Yuschak, Meek did not seem to understand the dangers inherent in his "crazy driving," particularly after having consumed alcohol. Furthermore, Meek remained on a public street. We conclude this evidence is sufficient to show that Meek posed a potential danger to himself or others and there was probable cause to arrest him for public intoxication. Because there was probable cause to arrest Meek for public intoxication, his warrantless arrest for driving while intoxicated was valid. *See Arnold,* 971 S.W.2d at 589. We resolve Meek's sole issue against him.

We affirm the trial court's judgment.