

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BRANDON RAY ROBINSON, A/K/A BRANDON ROBINSON, | § | No. 08-12-00147-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. One |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1259656D) |
| | § | |

## **O P I N I O N**

A jury found Appellant Brandon Ray Robinson, guilty of one count of possession of a controlled substance, cocaine, of an aggregate weight of four grams or more but less than 200 grams, with intent to deliver.[1]  TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). The jury accessed punishment at ninety-nine-years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant raises two issues on appeal.  We affirm.

## **BACKGROUND**

In the early morning of October 31, 2011, Officer Jamon Matthews was patrolling a high

---

1 This is a companion case to Cause No. 08-12-00146-CR, and involves the same issues on appeal.

crime area near Cedar Street in Arlington, Texas[2] when he pulled into an apartment complex, scanning the area for any suspicious activity. Officer Matthews observed a vehicle pull into the parking lot and Appellant exit the vehicle from the back passenger door. Officer Matthews observed that Appellant seemed extremely unsteady on his feet, swayed back and forth, and had trouble maintaining his balance. Appellant's behavior made Officer Matthews concerned that Appellant might be medically or physically impaired and could fall down and hurt himself.

As Officer Matthews approached Appellant, he could smell strong odors of marijuana and alcohol emitting from Appellant's person. Officer Matthews ordered Appellant to take his hands out of his pockets and stop walking, but Appellant continued aggressively walking towards Officer Matthews with his hands in his pockets. Officer Matthews, fearing for his own safety, drew his Taser, pointed it at Appellant, commanded him to stop, and requested back-up. As Appellant continued to walk towards him, Officer Matthews observed Appellant's eyes were bloodshot and glassy. Appellant eventually complied with Officer Matthews' commands to stop moving, to take his hands out of his pockets, and to sit down on the ground. Officer Matthews proceeded to question Appellant who admitted to drinking beer and smoking marijuana that day.

Officer Travis Kuhn responded to Officer Matthews' request for back-up and assisted Officer Matthews in placing Appellant under arrest for public intoxication. When Appellant attempted to put his right hand back in his pocket as Officer Matthews handcuffed him, Officer Kuhn grabbed Appellant's hand and restrained his arms behind his back. Officers were able to get Appellant to unclench his fist, revealing a pill in his right hand which contained 0.1 grams of heroin. Upon searching Appellant, officers recovered from the right pocket of his pants a plastic bag containing a white, rock-like substance broken into several pieces. The substance was later

---

[2] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

2

tested and determined to be 9.0 grams of cocaine. Officers also found $514 in cash in Appellant's pocket. The money was divided into increments of one hundred dollar and twenty dollar bills, indicating its potential use in dealing drugs.

Appellant filed a pretrial motion to suppress all tangible evidence seized by law enforcement officers in connection with his detention and arrest, all of Appellant's written and oral statements made to law enforcement officers, the testimony of law enforcement officers or others concerning any of Appellant's actions while in detention, and testimony of law enforcement officers concerning the tangible evidence or statements in connection with the case. At the suppression hearing, after Officers Kuhn and Matthews testified about the facts surrounding Appellant's arrest, the State and defense both closed. The trial court denied Appellant's motion to suppress and the contested evidence was subsequently admitted at trial. Appellant raises two issues on appeal.

## DISCUSSION

In Issue One, Appellant claims the trial court erred in denying his motion to suppress in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. In Issue Two, Appellant claims error in the trial court's denial of his motion to suppress in violation of his rights guaranteed by Article 1, Section 9 of the Texas Constitution and Chapters 14 and 38 of the Texas Code of Criminal Procedure. We first address Issue Two.

### State Constitutional Claim

*Standard of Review*

State and federal constitutional claims should be briefed separately, with separate substantive analysis or argument provided for each ground. *Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

3

When the appellant does not brief state and federal constitutional claims separately, we assume that the appellant claims no greater protection under the state constitution than afforded by the federal constitution. *Fowler v. State*, 266 S.W.3d 498, 501-02 n.2 (Tex. App.—Fort Worth 2008, pet. ref'd). If constitutional claims are not argued separately, we need not address federal and state issues separately but may limit our review to the federal claims and overrule the state claims. *Eldridge v. State*, 940 S.W.2d 646, 650 (Tex. Crim. App.1996). *See Muniz*, 851 S.W.2d at 252 ("We will not make appellant's state constitutional arguments for him."); *Martinez v. State*, 236 S.W.3d 361, 366 n.3 (Tex. App.—Fort Worth 2007, pet. dism'd).

*Analysis*

On appeal, Appellant fails to separately brief any federal and state constitutional claims, and does not present an argument claiming greater protection under the Texas State Constitution than that provided under the U.S. Constitution. He has therefore waived any error as to a state constitutional claim. *Eldridge*, 940 S.W.2d at 650; *Fowler*, 266 S.W.3d at 501-02 n.2. Issue Two is overruled.

**Federal Constitutional Claim**

*Standard of Review*

We review a trial court's ruling on a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the trial court's application of the law. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We review the evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). At a suppression hearing, the trial judge is the sole and exclusive trier of fact and may choose to

4

believe or disbelieve any or all of the evidence presented before it. *Hernandez v. State*, 376 S.W.3d 863, 868 (Tex. App.—Fort Worth 2012, no pet.). We uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of applicable law. *Amador v. State*, 275 S.W.3d 872, 878-79 (Tex. Crim. App. 2009); *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008).

*Applicable Law*

A person commits the offense of public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. TEX. PENAL CODE ANN. § 49.02(a) (West 2011). A public place is any place to which the public or a substantial group of the public has access, including common areas of apartment complexes. TEX. PENAL CODE ANN. § 1.07(a)(40) (West 2011). The State need not prove the defendant was in immediate or apparent danger, potential danger is sufficient to fulfill the required element of the offense. *Dickey v. State*, 552 S.W.2d 467, 468 (Tex. Crim. App. 1977); *see also Meek v. Texas Dept. of Pub. Safety,* 175 S.W.3d 925, 927 (Tex. App.—Dallas 2005, no pet.).

A peace officer may lawfully conduct a temporary detention if reasonable suspicion exists to suggest the person is violating the law. *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008). Reasonable suspicion exists only when an officer has specific, articulable facts that, when taken together with reasonable inferences from those facts, would lead the officer to reasonably conclude the person detained is, has been, or soon will be, engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Delafuente v. State*, 414 S.W.3d 173, 177 (Tex. Crim. App. 2013). Reviewing courts employ an objective standard, disregarding any subjective intent of the officer determining solely if an objective basis for the stop existed. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Whether or

not the detaining officer had reasonable suspicion is determined after considering the totality of the circumstances. *Neal*, 256 S.W.3d at 280.

Probable cause to make a warrantless arrest exists if the facts and circumstances within the officer's knowledge at the time of the arrest are sufficient to warrant a prudent man to believe that the person arrested had committed or was committing an offense. *Beck v. State of Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). The test for determining probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer and requiring a consideration of the totality of the circumstances. *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003); *Amador*, 275 S.W.3d at 878. A finding of probable cause requires "more than bare suspicion" but "less than ... would justify ... conviction." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); *Texas Dept. of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 880 (Tex. App.—Fort Worth 2009, no pet.).

*Analysis*

In this case, Officer Matthews was patrolling a high crime area in the early hours of Halloween, watchful for suspicious activity. He observed Appellant exiting a vehicle in the parking lot of an apartment complex, a public place, and observed that Appellant appeared to be extremely unsteady on his feet, swaying back and forth, and having trouble maintaining his balance. *See* TEX. PENAL CODE ANN. § 1.07(a)(40) (West 2011). Officer Matthews became concerned that Appellant might be medically or physically impaired and could fall down and hurt himself. Given the time of night and high crime area, Officer Matthews testified that he believed intoxication could have been a factor in Appellant's behavior.

As Officer Matthews approached Appellant, from whom strong odors of marijuana and alcohol were emanating, Officer Matthews ordered Appellant to take his hands out of his pockets

6

and stop walking. Appellant was unresponsive and continued aggressively walking towards Officer Matthews. Officer Matthews feared for his safety, drew his Taser, and commanded Appellant to stop. As Appellant continued walking towards him, Officer Matthews observed that Appellant's eyes were bloodshot and glassy. Appellant eventually complied with Officer Matthews' commands to take his hands out of his pockets and sit down on the ground. As Officer Matthews proceeded to question Appellant, Appellant admitted to drinking beer and smoking marijuana that day. Appellant was arrested for the offense of public intoxication.

In determining whether or not Officer Matthews possessed reasonable suspicion to temporarily detain Appellant, we consider the totality of the circumstances. *Neal*, 256 S.W.3d at 280. Appellant's location in a high crime area at that time of night, his inability to maintain his balance and unsteady demeanor, and unresponsive behavior towards Officer Matthews, taken together with reasonable inferences from these facts, would have allowed Officer Matthews to conclude Appellant was, had been or would soon be engaged in criminal activity, specifically being intoxicated in public. *Terry*, 392 U.S. at 21; *Delafuente*, 414 S.W.3d at 177. *See also* TEX. PENAL CODE ANN. § 49.02(a) (West 2011). Therefore, Officer Matthews had reasonable suspicion to temporarily detain Appellant. *Terry*, 392 U.S. at 21; *Neal*, 256 S.W.3d at 280.

We also consider the totality of the circumstances in determining whether or not Officer Matthews possessed probable cause to arrest Appellant without a warrant. *Pringle*, 540 U.S. at 371. The facts and circumstances within Officer Matthews' knowledge at the time of the arrest include the following. Appellant appeared to be extremely unsteady on his feet, swaying back and forth, having trouble maintaining his balance making Officer Matthews concerned that Appellant may be medically or physically impaired or intoxicated. Upon approaching Appellant, Officer Matthews encountered strong odors of marijuana and alcohol and Appellant's eyes were

7

bloodshot and glassy. Also, Appellant admitted to drinking beer and smoking marijuana that day. Based on an objective consideration of the totality of the circumstances, Officer Matthews had probable cause sufficient to warrant a prudent man to believe Appellant had committed or was committing the offense of public intoxication. *Beck,* 379 U.S. at 91; *Pringle*, 540 U.S. at 371.

Having determined that the arresting officer had both reasonable suspicion and probable cause, we conclude that the trial court's denial of Appellant's motion to suppress is correct under the aforementioned theories of applicable law and supported by the record. *Amador*, 275 S.W.3d at 879; *Ramos*, 245 S.W.3d at 417–18. As such, the trial court did not abuse its discretion or violate Appellant's federal constitutional rights when it denied his motion to suppress. *Martinez*, 348 S.W.3d at 922. Issue One is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


May 16, 2014                                        GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)


8