See also, 697 S.W.2d 522.

**Mario Luis Gonzalez PADILLA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–85–00018–CR.**

Court of Appeals of Texas, El Paso.

Oct. 2, 1985.

Rehearing Denied Oct. 23, 1985.

Scott Segall, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a revocation of probation. Appellant initially pled guilty to arson of a vehicle. The court imposed an eight year sentence with "shock" probation. Appellant was returned to probation status from the T.D.C. on October 5, 1983. On December 6, 1983, the State moved to revoke probation due to a subsequent offense of public intoxication. In lieu of rev-ocation, his probation was modified to include alcohol counselling and incarceration at the local Court Residential Treatment Center. On January 9, 1985, the State again moved to revoke based on yet another incident of public intoxication. After hearing evidence, the court revoked probation and sentenced Appellant to eight years imprisonment. We affirm.

In Ground of Error No. One, Appellant contends that the evidence was insufficient to support a finding that he was intoxicated to a point of presenting a danger to himself. El Paso Police Officer Karl testified that while on foot patrol he observed five individuals in an alley in downtown El Paso. As he and an accompanying Border Patrolman approached, Appellant and one of the others turned and walked away. The officers approached the two because they were staggering. Karl testified that it was his intention to assure that they were in safe physical condition. He testified that Appellant was extremely intoxicated and on the verge of falling down. His eyes were bloodshot, speech was slurred and a strong odor of alcohol could be detected on his person. Both were placed under arrest for public intoxication.

The State was only required to present evidence that Appellant posed a danger to himself. The danger need not be immediate and a specific, identifiable danger need not be apparent to the arresting officer. In this case, the testimony disclosed some evidence of two forms of danger, given a condition of staggering intoxication. Officer Karl testified that the alley was in a high crime area. An individual intoxicated to the extent described by Karl is not only vulnerable to criminal conduct at the hands of another, but the open nature of his condition may in fact encourage such conduct and earmark him as a target. Secondly, Appellant testified that he had just driven to the location in his automobile to inquire about a mechanic. The judge could reject his denial of intoxication and at the same time conclude that he would drive away from the scene in an intoxicated manner. This would pose an additional danger

both to himself and others. The fact that Karl did not testify as to the vehicle and may not even have been aware of it is not determinative. In *Bentley v. State*, 535 S.W.2d 651 (Tex.Crim.App.1976), cited by Appellant, the defendant was arrested at a service station. He also was described as staggering drunk and on the verge of falling. The officers had asked him to come out of the office and from the testimony quoted in the opinion, were apparently unaware of his intent to depart by automobile. This was revealed through his own testimony, in the same manner as in this case. The Court of Criminal Appeals found no abuse of discretion in the trial court's decision to revoke on that basis. See also: *Balli v. State*, 530 S.W.2d 123 (Tex.Crim. App.1975). Ground of Error No. One is overruled.

Appellant's Ground of Error No. Two, asserts that the 1979 Amendments to Article 28.02 of the Texas Penal Code are unconstitutional in that the caption to Senate Bill 254 (the Senate Bill which amended Article 28.02) violated Article III, sec. 35, of the Texas Constitution. Article III, sec. 35, states:

No bill … shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed.

■ In *Crisp v. State*, 661 S.W.2d 944 (Tex.Crim.App.1983), the Court of Criminal Appeals stated this provision of the Texas Constitution requires a bill's caption to give a reasonable reader fair notice of the subject and content of the bill. In the case at bar, the Appellant claims that the caption of Senate Bill 254 does not give fair notice to a reasonable reader of the amended contents of the bill. The caption to Senate Bill 254 states: "AN ACT relating to the definition of 'vehicle' and the offense of arson; amending Chapter 28 of the Penal Code by amending Sections 28.01 and 28.02; and declaring an emergency." Preceding this amendment, 28.02 did not include in the

definition of arson the burning of one's own vehicle. Arson only included the burning of a "building or habitation." Thus, Appellant claims Senate Bill 254's caption does not give fair notice of this change. Generally, the court should liberally construe a statute so as to uphold it, but since the caption of Senate Bill 254 applies to an amendment of a preexisting statute a somewhat stricter standard should apply. *Crisp*, supra at 946 citing *Stein v. State*, 515 S.W.2d 104 (Tex.Crim.App.1974); *White v. State*, 440 S.W.2d 660 (Tex.Crim. App.1969). Appellant places his principal reliance on the *Crisp* case. In *Crisp*, House Bill 730 was struck down as unconstitutional under Article III, sec. 35, of the Texas Constitution because its caption, which merely stated "AN ACT relating to offenses and criminal penalties under the Texas Controlled Substances Act," gave no notice to the reasonable reader of the widespread and material change of House Bill 730.

■ There are substantial differences between the *Crisp* case and the one before us. First, in *Crisp*, the caption in no substantial way gave notice of the widespread changes in House Bill 730. By contrast, the caption of Senate Bill 254 more specifically states what changes are made by the bill. To make the caption state any clearer what changes the bill made, would be to require all the changes to be included in the caption itself. Second, in *Crisp*, the House Bill changed many statutes, some in the Penal Code and some in the Code of Criminal Procedure. In the present case, Senate Bill 254 only partially changed 28.01 and 28.02 of the Penal Code. Finally, in *Crisp*, the penalties were substantially changed while in the case at bar the penalties remained untouched by the legislature. Ground of Error No. Two is overruled.

The judgment is affirmed.