**Santiago SEGURA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00279–CR.**

Court of Appeals of Texas, Dallas.

Jan. 30, 1992.

Rehearing Denied March 9, 1992.

---

Melvyn Carson Bruder, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before BAKER, THOMAS and CHAPMAN, JJ.

## OPINION

BAKER, Justice.

Appellant pleaded guilty to driving while intoxicated. In accordance with a plea bargain between appellant and the State, the trial court sentenced appellant to 365 days in jail, probated for twenty-four months, assessed a fine of $400, and ordered restitution of $2000. Appellant's sole point of error is that his arrest was unlawful and that the trial court erred in denying his motion to suppress the evidence. We affirm.

## PROCEDURAL HISTORY

The State charged appellant by information with DWI. Before trial, he filed a motion to suppress all evidence. He contended his arrest violated provisions of the United States and Texas constitutions. He further contended that article 38.23(a) of the Texas Code of Criminal Procedure bars admission of the evidence. After a suppression hearing, the trial court denied the motion.

Appellant then entered a plea of no contest to the charge. His no contest plea was based on his reservation of the right to appeal the trial court's ruling on his motion to suppress.

## THE LEGAL ISSUE

In one point of error, appellant contends the trial court erred in denying the motion to suppress evidence because the State did not show probable cause for his arrest. In his brief, in one paragraph under the sole point of error, appellant argues his arrest was unlawful because it was contrary to the provisions of the fourth amendment to the United States Constitution and article 1, section 9 of the Texas Constitution. He also argues the trial court should have granted his motion and excluded the evidence under Texas statutory law. *See* TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1992).

To make a valid warrantless arrest, the officer had to have probable cause to arrest appellant for either DWI or public intoxication.

## APPELLANT'S BRIEF

### 1. Multifarious Point

By combining more than one contention in a single point of error, an appellant risks rejection on the ground that he presents nothing for review. *See Sterling v. State,* 800 S.W.2d 513, 521 (Tex.Crim.App.1990); *Thomas v. State,* 723 S.W.2d 696, 697 (Tex. Crim.App.1986); TEX.R.APP.P. 74(f).

### 2. Briefing Constitutional Issues

■ Attorneys, when briefing constitutional questions, should carefully separate federal and state issues into separate grounds and provide a substantive analysis or argument on each ground. If counsel does not sufficiently distinguish state and federal constitutional grounds, the reviewing court may overrule the ground as multifarious. *Heitman v. State,* 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App.1991); *De Blanc v. State,* 799 S.W.2d 701, 706 (Tex. Crim.App.1990); *McCambridge v. State,*

712 S.W.2d 499, 502 n. 9 (Tex.Crim.App. 1986).

### 3. Appellant's Argument

■ Appellant argues that his arrest was unlawful. He claims the arrest was unlawful because it violated the United States and Texas constitutions. Appellant's argument combines both federal and state constitutional grounds in one point of error. The argument does not provide a substantive analysis or argument on each separate ground. Because the argument does not sufficiently distinguish between federal and state constitutional grounds, the point is multifarious. *Heitman,* 815 S.W.2d at 690–91 n. 23; *McCambridge,* 712 S.W.2d at 501–02 n. 9. However, we will consider the merits of appellant's complaint. *See* TEX.R.APP.P. 83; *see also Davis v. State,* 817 S.W.2d 345, 346 (Tex. Crim.App.1991).

## THE MOTION TO SUPPRESS

### 1. Standard of Review

■ At a suppression hearing, the trial judge is the sole trier of fact. The court is the judge of the credibility of witnesses and the weight of their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990). We do not engage in our own factual review. We decide whether the record supports the trial court's findings. If the record supports the trial court's findings, we are not at liberty to disturb them. We only consider whether the trial court improperly applied the law to the facts. *See Romero,* 800 S.W.2d at 543.

### 2. The Applicable Law

#### a. *A Warrantless Arrest*

■ As a general rule, police officers must always get an arrest warrant before taking someone into custody. *De Jarnett v. State,* 732 S.W.2d 346, 349 (Tex.Crim. App.1987). There are exceptions to this rule. We strictly construe exceptions to the warrant requirement. *De Jarnett,* 732 S.W.2d at 349. One exception is article 14.01 of the Texas Code of Criminal Procedure. This article provides:

(a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977). To justify a warrantless arrest, the State has the burden to prove probable cause existed when the officer made the arrest. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Roberts v. State*, 545 S.W.2d 157, 158 (Tex.Crim.App.1977).

### b. *Probable Cause*

#### (1) The Federal Standard—The Fourth Amendment

■ Probable cause for an arrest exists when the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant in a person of reasonable caution the belief that a person has or is committing an offense. *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *United States v. Woolery*, 670 F.2d 513, 515 (5th Cir.1982). When dealing with probable cause, we deal with probabilities. The probabilities are not technical considerations but rather factual and practical ones of every day life on which reasonable and prudent persons, not legal technicians, act. A showing of probable cause requires less evidence than is necessary to support a conviction. *See United States v. Ashcroft*, 607 F.2d 1167, 1170 (5th Cir.1979).

■ When determining probable cause, we must take into account the experience of the peace officer. Conduct innocent in the eyes of the untrained may carry an entirely different message to the experienced or trained observer. *See United*

*States v. Clark*, 559 F.2d 420, 424 (5th Cir.1977). The peace officer need not personally observe overt criminal activity to have probable cause. The observation of unusual activity for which there is no legitimate logical explanation can be the basis for probable cause. *See United States v. Alexander*, 559 F.2d 1339, 1343 (5th Cir. 1977).

■ Probable cause is not itself a fact required to be shown by the evidence; rather, it is a conclusion that may or may not be reasonably deduced from the circumstances surrounding the facts adduced. *See Campbell v. State*, 644 S.W.2d 154, 158 (Tex.App.—Austin 1982), *pet. ref'd per curiam*, 647 S.W.2d 660 (Tex.Crim.App.1983); *see also Brinegar*, 338 U.S. at 175–176, 69 S.Ct. at 1310–1311.

#### (2) The State Standard—Article I, Section 9, Texas Constitution

■ When we analyze and interpret article I, section 9 of the Texas Constitution, we are not bound by United States Supreme Court decisions considering the comparable fourth amendment issue. *See Heitman*, 815 S.W.2d at 690. Our Court of Criminal Appeals tells us that state constitutions cannot subtract from the rights guaranteed by the United States Constitution, but a state constitution can provide citizens additional rights.[1] We must analyze the rights of Texas citizens by recognizing that the United States Supreme Court decisions represent the minimum protection that Texas must afford its citizens. The federal constitution sets the floor for individual rights; state constitutions establish the ceiling. *Heitman*, 815 S.W.2d at 690; *Le Croy v. Hanlon*, 713 S.W.2d 335, 338 (Tex.1986).

■ Under state law, to determine whether probable cause for arrest exists, we must evaluate the material facts and circumstances surrounding the arrest. We evaluate whether the arrest was based upon the personal observations of the ar-

---

**1.** Although the majority in *Heitman* adopts the doctrine of "independent state grounds," the majority does not tell the intermediate courts of appeals what those independent state grounds are. *See Heitman*, 815 S.W.2d at 691 (McCormick, J., dissenting).

resting officer sufficient to warrant a man of reasonable caution to believe that the person to be arrested is committing an offense. *See Britton v. State*, 578 S.W.2d 685, 689 (Tex.Crim.App.1979) (op. on reh'g); Tex.Code Crim.Proc.Ann. art. 14.01 (Vernon 1977). Probable cause is a conclusion that the trier of fact may infer from all the circumstances made by the facts adduced. The evidence necessary to establish probable cause for arrest need not rise to the level of proof essential to a determination of guilt. *Britton*, 578 S.W.2d at 689.

## THE PARTIES' CONTENTIONS

### 1. Appellant's Contentions

Appellant contends he was not subject to arrest for DWI because the arresting officer did not see him driving his pickup truck. Appellant also argues that the officer did not have probable cause to arrest him for public intoxication because the record does not show that he was intoxicated to a degree where he might have been a danger to himself or another. Finally, appellant contends the place where he was arrested was a public place so the officer did not have probable cause to arrest him for being in a suspicious place and under such circumstances that would show he was guilty of a felony or breach of the peace.

### 2. The State's Contentions

The State argues the record shows appellant committed the offense of public intoxication within the arresting officer's view. Alternatively, the State argues the arresting officer had probable cause to arrest appellant because he was found in a suspicious place and under circumstances that showed appellant was guilty of a breach of the peace.

## THE SUPPRESSION HEARING EVIDENCE

A witness to the accident and the arresting officer testified at the suppression hearing. The witness and her former husband lived in the block where the incident occurred. She testified that around noon she and her husband were returning to their home. She said that as she and her husband turned into their driveway, the driver of a pickup truck, whom she identified as appellant, stopped to let them turn. As they turned into their driveway, they heard a crash. She turned and saw appellant had hit their neighbor's truck which was parked on the street. The witness's husband went next door to report the accident to their neighbor who owned the truck. The witness testified appellant just sat in the truck for a long time after the accident. She said it was approximately twenty minutes from the time of the accident until the police arrived. She was present when her husband talked to the officers who investigated the accident.

The arresting officer testified he answered the dispatch to investigate an accident involving an intoxicated driver on a Dallas street. He said when he got to the scene, he saw that a three-car accident had taken place. A Ford pickup truck had run into one car parked against the curb and knocked that car into a third car. The officer testified he talked to the witnesses to determine what had happened. He talked to the witness and her husband, both of whom had seen the accident. The officer said the witness and her husband believed appellant was intoxicated. The officer testified he got details from the witness and her husband and then went to talk to appellant. The officer tried to talk to appellant but found he did not speak English. Appellant's daughter was at the location, and she translated for the officer. The officer testified that after he talked with and observed appellant, he determined appellant was intoxicated. The officer placed appellant under arrest. He said he based his opinion that appellant was intoxicated on appellant's general appearance. Appellant's eyes were bloodshot, and he slurred his speech. Appellant had difficulty steadying himself, and he had an odor of an alcoholic beverage on his breath.

## APPLICATION OF THE LAW TO THE FACTS

### 1. Probable Cause for Arrest for DWI

A person commits the offense of DWI if the person is intoxicated while driving or

operating a motor vehicle in a public place. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Vernon Supp.1992).

### a. *Federal Standard*

■ Witnesses told the arresting officer that appellant was driving a truck, and they saw him wreck it. They told the officer that appellant was intoxicated. The officer saw that an accident had taken place and that appellant was intoxicated. Probable cause existed under the federal standard because the officer had facts and circumstances within his knowledge based on what he saw, and on what others told him, which would warrant a person of reasonable caution to believe that appellant had committed the offense. *Brinegar*, 338 U.S. at 175, 69 S.Ct. at 1310–1311.

### b. *State Standard*

■ The state standard is more stringent than the federal standard. Because the arresting officer did not personally observe appellant driving his pickup truck, the officer had no authority to arrest appellant for DWI pursuant to article 14.01 of the Texas Code of Criminal Procedure. *See Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App.1982); *Collins v. State*, 795 S.W.2d 777, 778 n. 1 (Tex.App.—Austin 1990, no pet.). Tex.Code Crim.Proc.Ann. art. 14.01 (Vernon 1977).

### 2. Appellant Found in a Suspicious Place

■ We reject the State's contention that article 14.03(a) of the Code of Criminal Procedure authorized the officer to arrest appellant. *See* Tex.Code Crim.Proc.Ann. art. 14.03(a) (Vernon 1977). The State's argument assumes that the public street where appellant hit the other car is a suspicious place. There is nothing in the record that would characterize the place of the accident as suspicious. It is only when an officer discovers a person in a suspicious place *and* under such circumstances which reasonably show an offense has been or is about to be committed that a lawful or warrantless arrest is sanctioned by the statute. *See Lowery v. State*, 499 S.W.2d 160, 164 (Tex.Crim.App.1973).

### 3. Probable Cause for Arrest for Public Intoxication

#### a. *Applicable Law*

■ An individual commits the offense of public intoxication if he appears in a public place under the influence of alcohol or any other substance to the degree that the individual may endanger himself or another. *See* Tex.Penal Code Ann. § 42.08(a) (Vernon 1989). The essential element of the offense is that the individual must be intoxicated to the extent that he "may" endanger himself or another. *See Dickey v. State*, 552 S.W.2d 467, 468 (Tex.Crim.App.1977). Proof of "potential" danger either to the accused or others is enough to show the essential element. *See Dickey*, 552 S.W.2d at 468; *Bentley v. State*, 535 S.W.2d 651, 653 (Tex.Crim.App. 1976); *Balli v. State*, 530 S.W.2d 123, 126 (Tex.Crim.App.1975), *overruled on other grounds, Chudleigh v. State*, 540 S.W.2d 314, 317 (Tex.Crim.App.1976).

#### b. *Facts*

Appellant does not contest he was in a public place, nor does he contest the evidence showing he was intoxicated. Appellant argues the evidence is insufficient to show the arresting officer was justified in believing appellant was intoxicated to such a degree that he was endangering himself or another.

Witnesses testified appellant was driving the pickup truck when it ran into a parked truck next to their home. One witness told the arresting officer that appellant was intoxicated. The officer questioned appellant through appellant's daughter, who acted as an interpreter. The officer testified that in his opinion appellant was intoxicated because his eyes were bloodshot, his speech was slurred, he had trouble steadying himself, and he had an alcohol odor on his breath. Appellant was either in his pickup truck or standing by it at this time.

#### c. *Federal Standard*

■ The arresting officer's personal knowledge, together with the information

given to him by the witnesses, support a finding of probable cause under the federal standard. *Brinegar*, 338 U.S. at 175, 69 S.Ct. at 1310–1311. The fact finder could have reasonably inferred that appellant could have run or driven from the scene in an intoxicated manner. This would pose a danger to both appellant and others. *See Padilla v. State*, 697 S.W.2d 525, 526–27 (Tex.App.—El Paso 1985, pet. ref'd).

### d. *State Standard*

From the same facts, excluding the facts not personally observed by the arresting officer, the fact finder could have reasonably inferred and concluded that appellant could have run or driven from the scene in an intoxicated manner. This would pose a danger to both appellant and others. *See Padilla,* 697 S.W.2d at 526–27. Appellant's arguments that his involvement in an accident was not evidence of danger to himself or to another because the arresting officer did not see appellant driving the pickup or have personal knowledge that appellant was involved in an accident is without merit. In our view, based upon the evidence before the fact finder, the inferences the fact finder could draw from the record are enough to support a finding of probable cause to arrest appellant for public intoxication.

### e. *Conclusion*

We hold the State carried its burden to prove probable cause under both federal and state standards. We overrule appellant's sole point of error.

We affirm the trial court's judgment.