COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-096-CR


GERARDO AGUILERA                                                             APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------

I. Introduction
        Appellant Gerardo Alvarez Aguilera pleaded guilty to the offense of driving
while intoxicated after the trial court denied his motion to suppress. Pursuant
to a plea bargain, the trial court sentenced Aguilera to forty days’ confinement
and imposed a seven hundred dollar fine. In one point, Aguilera contends that
the trial court erred by denying his motion to suppress. We will affirm.
II. Background Facts
        On October 25, 2002, as Kevin Scott Hill drove from an Arlington
restaurant, he was almost hit by a black pickup truck. Hill saw the pickup
swerve, nearly colliding with other vehicles, and veer in an erratic manner. Hill
suspected that the truck’s driver was intoxicated and called 911. Hill remained
on the line with the 911 operator and followed the pickup until it stopped at a
residence. The pickup’s driver—Aguilera—stumbled and fell as he exited the
truck. He approached the front door of the house, later determined to be his
residence, and knocked on it. A woman answered the door; she and Aguilera
began arguing. Police arrived about two minutes later.
        Arlington police dispatched Officer Kelly in response to Hill’s 911 call. 
While en route, Officer Kelly received additional information from the 911
dispatcher providing a description of Aguilera’s truck and its location, and
describing the erratic manner in which the truck was being driven. Officer Kelly
arrived at Aguilera’s residence and approached Aguilera to speak with him. She
noticed that another officer had also arrived at Aguilera’s residence and was
speaking to Hill, who was sitting in his own car across the street. Officer Kelly
smelled alcohol on Aguilera’s breath and person. Aguilera’s speech was slurred
and he leaned against a wall to steady himself. Officer Kelly attempted to
perform a horizontal gaze nystagmus field sobriety test on Aguilera, but
Aguilera would not cooperate. Officer Kelly concluded that Aguilera was
intoxicated. She believed he was too intoxicated to perform any other field
sobriety tests, and she arrested him.
        Aguilera was charged with driving while intoxicated. He filed a motion
to suppress, alleging that the police illegally detained him and improperly
acquired certain statements and videotape evidence. The trial court denied the
motion and sentenced Aguilera in accordance with his plea bargain.
III. Motion to Suppress
        In his sole point, Aguilera argues that the trial court improperly denied his
motion to suppress evidence obtained after his warrantless arrest. Specifically,
Aguilera contends that the State’s justification for arresting him without a
warrant, that he was in a suspicious place, is not supported by the evidence. 
The State maintains that the trial court properly denied Aguilera’s motion to
suppress because the warrantless arrest was permitted pursuant to the
suspicious places exception to the warrant requirement. The State further
contends that, in any event, Aguilera’s arrest was proper because he committed
the offense of public intoxication in the officers’ presence.
        A. Standard of Review
        We review a trial court’s ruling on a motion to suppress evidence under
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). In reviewing the trial court’s decision, we do not engage in our own
factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no
pet.). At a suppression hearing, the trial judge is the sole trier of fact and judge
of the credibility of the witnesses and the weight to be given to their testimony. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Therefore, we
give almost total deference to the trial court’s ruling on (1) questions of
historical fact and (2) application-of-law-to-fact questions that turn on an
evaluation of credibility and demeanor. Johnson v. State, 68 S.W.3d 644,
652-53 (Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62. However, we
review de novo a trial court’s rulings on mixed questions of law and fact if they
do not turn on the credibility and demeanor of witnesses. Johnson, 68 S.W.3d
at 652-53. Absent findings of fact on the record, we examine the record in the
light most favorable to the trial court’s ruling. See Maxwell v. State, 73
S.W.3d 278, 281 (Tex. Crim. App. 2002). Here, the trial court did not make
any findings of fact or conclusions of law. Therefore, we examine the record
in the light most favorable to the trial court’s ruling. See id.
        B. Public Intoxication
        Generally, officers must secure an arrest warrant before taking someone
into custody. Dyar v. State, 125 S.W.3d 460, 463 (Tex. Crim. App. 2003). 
However, Texas statutory law provides for a number of limited circumstances
in which an arrest may be procured without first obtaining a warrant. See Tex.
Code Crim. Proc. Ann. arts. 14.01-.06 (Vernon 1979 & Supp. 2004-05). One
such exception is article 14.01(b), which provides that “[a] peace officer may
arrest an offender without a warrant for any offense committed in his presence
or within his view.” Id. art. 14.01(b). When the offense of driving while
intoxicated is not committed in an officer’s presence, “an arrest for driving
while intoxicated is not necessarily invalid merely because the arresting officer
did not see the defendant drive his car, since the defendant may still be subject
to a public intoxication charge.” Warrick v. State, 634 S.W.2d 707, 709 (Tex.
Crim. App. [Panel Op.] 1982); see also Reynolds v. State, 902 S.W.2d 558,
559-60 (Tex. App.—Houston [1st Dist.] 1995, pet ref’d); Elliott v. State, 908
S.W.2d 590, 591-92 (Tex. App.—Austin 1995, pet. ref’d) (upholding arrest on
basis of public intoxication).
        Officer Kelly arrested Aguilera without a warrant. The State argued at the
suppression hearing that the warrantless arrest was proper under the suspicious
places exception to the warrant requirement. See Tex. Code Crim. Proc. Ann.
art. 14.03(a)(1) (Vernon Supp. 2004-05); see also Segura v. State, 826 S.W.2d
178, 184 (Tex. App.—Dallas 1992, pet. ref’d). We are required, however, to
uphold the trial court’s ruling if it is correct on any theory of the law applicable
to the case, viewing the record in the light most favorable to the trial court’s
ruling. See Ross, 32 S.W.3d at 855-56; Segura, 826 S.W.2d at 184; see also
State v. Mercado, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998) (recognizing that
State does not have burden to verbalize in trial court every possible basis for
upholding search or seizure and may, as appellee, argue on appeal alternative
theories supporting trial court’s denial of motion to suppress although theories
not raised in trial court). As discussed below, viewed in the light most
favorable to the trial court’s ruling, the record establishes that Aguilera
committed the offense of public intoxication in the presence of police. His
warrantless arrest was proper on this basis, and we need not address whether
the suspicious places exception to the warrant requirement applies.
        Public intoxication occurs when a “person appears in a public place while
intoxicated to the degree that the person may endanger the person or another.” 
Tex. Penal Code Ann. § 49.02(a) (Vernon 2003). The test for whether probable
cause existed for a public intoxication arrest is whether the officer’s knowledge
at the time of the arrest would warrant a prudent person’s belief that an
intoxicated suspect was a danger to himself or any other person. See Jones
v. State, 949 S.W.2d 509, 516 (Tex. App.—Fort Worth 1997, no writ).
        Article 49.02(a) provides that the offense of public intoxication must be
committed in a “public place.” Tex. Penal Code Ann. § 49.02(a). A “public
place” is defined as “any place to which the public or a substantial group of the
public has access and includes, but is not limited to, streets, highways, and the
common areas of schools, hospitals, apartment houses, office buildings,
transport facilities, and shops.” Id. § 1.07(a)(40) (Vernon Supp. 2004-05). 
The list of specific areas that are public places is nonexclusive. See Shaub v.
State, 99 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, no pet.). In
determining whether an area is a public place, the relevant inquiry is whether
the public has access to it. See Loera v. State, 14 S.W.3d 464, 467 (Tex.
App.—Dallas 2000, no pet.). “Access” is commonly defined as “an opportunity
or ability to enter, approach, pass to and from, or communicate with.” Black’s
Law Dictionary 13 (7th ed. 1999). Generally, the front yard of a residence and
areas leading to the porch are all locations to which the public might have
access. See Loera, 14 S.W.3d at 469. It has further been recognized “that
anyone, be it law enforcement officer or common citizen, has the right to
approach an appellant’s front door.” Cornealius v. State, 900 S.W.2d 731,
734 (Tex. Crim. App. 1995).
        Hill called 911 and reported that he had almost been struck by Aguilera’s
truck. He followed Aguilera, describing his driving to the 911 dispatcher, who
relayed the information to Officer Kelly; Aguilera ran over the curb and nearly
hit three other vehicles. Officer Kelly smelled alcohol on Aguilera’s breath and
person, Aguilera’s speech was slurred, and he had difficulty standing. He was
too intoxicated to perform field sobriety tests.
        Aguilera never entered his house. Officer Kelly detained Aguilera outside,
somewhere in the front yard area leading up to the front door or on the front
porch. The record demonstrates that Officer Kelly had knowledge that Aguilera
arrived at his residence by using a public street. See Loera, 14 S.W.3d at 468. 
Moreover, Aguilera’s residence is not located in an isolated, secluded, or rural
area. See Fowler v. State, 65 S.W.3d 116, 119-20 (Tex. App.—Amarillo
2001, no pet.) (holding driveway of rural residence located one-fourth of a mile
from county road in isolated and secluded area not “public place”). Rather, the
area where Aguilera was arrested is clearly visible from the public street; Hill
observed Aguilera arguing with his wife from his vehicle parked across the
street. Additionally, Aguilera’s driveway is in close proximity to the front porch
area and front door; Aguilera’s residence is not set off from the driveway by
any considerable distance. The record further fails to demonstrate that access
to the area where the detention and arrest occurred was limited by the use of
gates, fences, or other barriers of that nature. It is reasonable to assume that
any person desiring to approach Aguilera’s residence would have access to the
front yard or front porch area. The authority of officers to arrest an intoxicated
non resident of Aguilera’s household located in the same area would likely not
be questioned. See Warrick, 634 S.W.2d at 709; see also Banda v. State, 890
S.W.2d 42, 52 (Tex. Crim. App. 1994). Because Officer Kelly detained
Aguilera in an area to which the public has access, the detention and arrest
occurred in a “public place.” [2] See Cornealius, 900 S.W.2d at 734; Loera, 14
S.W.3d 467-69; see also Bowen v. State, 117 S.W.3d 291, 293 (Tex.
App.—Fort Worth 2003, pet. granted) (holding evidence sufficient to support
public intoxication when appellant was arrested in front yard of her rural home).
        Furthermore, the above facts and reasonable inferences therefrom show
that Aguilera presented a danger to himself and to others by nearly causing
multiple vehicle accidents, falling down upon exiting his vehicle, and arguing
with his wife, possibly leading to future injury to either of them or a third party. 
Thus, the knowledge and information available to Officer Kelly at the time of
the arrest was such that probable cause existed to arrest Aguilera for public
intoxication. See Warrick, 634 S.W.2d at 709; Elliott, 908 S.W.2d at 591-92;
Segura, 826 S.W.2d at 184-85. The trial court did not abuse its discretion in
denying Aguilera’s motion to suppress. Carmouche, 10 S.W.3d at 327. We
overrule Aguilera’s point.
IV. Conclusion
        Having overruled Aguilera’s sole point, we affirm the trial court’s
judgment.
                                                          PER CURIAM

PANEL F:   WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 16, 2004
 
NOTES
1. See Tex. R. App. P. 47.4.
2. Approximately sixteen years ago in Commander v. State, the Houston
Fourteenth Court stated that “[a] private residence is not a public place, nor has
the yard or driveway of a private residence ever been construed as such.” 748
S.W.2d 270, 271 (Tex. App.—Houston [14th Dist.] 1988, no pet.). This
language was, however, disavowed as dicta in Loera v. State by the Dallas
Court of Appeals. The Dallas court explained,
While the incident in Commander occurred in the driveway of a
private residence, the decision itself did not turn on the fact that
the location was a residence. The decision, instead, was based on
the lack of evidence to show the defendant had ever driven or
intended to drive the pickup parked in the driveway or to show he
was a danger to himself or to the public.
Loera, 14 S.W.3d at 469. We agree with this reasoning by the Dallas court in
Loera.