Opinion issued October 18, 2007












 



In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00903-CR






LISA BARFIELD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1347026




 

MEMORANDUM OPINION Appellant, Lisa Barfield, was charged with driving while intoxicated ("DWI"). 
See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). The trial court denied appellant's
motion to suppress all evidence supporting the charge, and appellant pleaded guilty. 
Pursuant to a plea agreement between appellant and the State, the trial court assessed
punishment at 45 days' confinement. 

 In two issues, appellant contends that the trial court erred by denying her
motion to suppress the evidence because she was "illegally stopped [i]n traffic
without probable cause to believe that [she] had committed a traffic offense," in
violation of (1) Article 1, Section 9, of the Texas Constitution and (2) the Fourth and
Fourteenth Amendments to the United States Constitution. See Tex. Const. Art. 1,
§ 9; U.S. Const. amend. IV, XIV. 

 We affirm. 

Background

 Appellant was stopped at approximately 10:00 p.m. on December 25, 2005, and
arrested for DWI. At the hearing on the motion to suppress, the facts leading up to
the traffic stop were in dispute. 

 According to his testimony, Harris County Sheriff's Department Deputy J.
Thomas was driving home at the end of his shift, traveling north on Jones Road in
Houston, Texas, when he saw appellant's vehicle, a white Land Rover, four-to-five
car lengths ahead of him, stopped at an intersection. (1) The light was green, but
appellant remained stopped at the light. The light turned red as Deputy Thomas drew
nearer to the Land Rover and pulled in behind it. When the light turned green again,
appellant did not respond, but remained stopped. Deputy Thomas turned on his
emergency lights, got out of his car, and approached appellant's car. As he reached
the driver's door of the Land Rover, appellant drove forward. Deputy Thomas ran
back to his car and activated his siren. Appellant pulled into a parking lot and
stopped.

 Deputy Thomas parked near appellant and approached the driver's side door. 
When appellant rolled down the window, Deputy Thomas noticed a strong odor of
alcohol emanating from appellant's car. Deputy Thomas characterized appellant as
slurring her speech, noticeably upset from a fight she stated she had had with her
boyfriend, and unresponsive to simple questions. Deputy Thomas stated that he
instructed appellant to get out of the car to perform field sobriety tests and that her
balance was poor. Deputy Thomas testified that appellant failed the "one-leg stand"
and "walk and turn" tests, but that he did not document either test result because his
shift was over and another officer was due to arrive on the scene to take over. Deputy
Thomas testified that Deputy Stoffer arrived and performed additional field sobriety
tests. Deputy Stoffer did not testify at the hearing. Appellant was transported to the
Harris County substation, where she submitted to a breath test that indicated that she
had a 0.15 breath alcohol concentration. (2)

 Appellant, who testified at the suppression hearing, disputed Deputy Thomas's
rendition of the facts. Appellant testified that she had been at a neighborhood
restaurant and bar, and admitted that she had had "several glasses of wine" with her
meal. Appellant purchased a pizza to take home to her children, placed the large box
on the passenger seat next to her, and headed home. Appellant contends that she
stopped at the red light at issue and began eating some of the pizza out of the box. 
When she looked up, she noticed that the light had turned green. She paused
momentarily to close the lid of the pizza box and then drove forward. She then
noticed the flashing lights of the police car behind her and pulled into a parking lot. 
Appellant contends that Deputy Thomas yelled at her to get out of the car, and she
complied. Deputy Thomas administered two field sobriety tests and put her in the
back seat of his car. While she sat, Deputy Thomas "went through" her car and then
a tow truck arrived.

 Appellant moved to suppress all evidence on the grounds that the stop violated
the United States and Texas constitutions. Deputy Thomas testified at the suppression
hearing that his reason for stopping appellant was that she had committed the
following offenses: (1) stopping in a moving line of traffic; (2) impeding traffic; and
(3) failure to regard a traffic control device. Deputy Thomas also testified that there
was no other traffic in the area at the time, that appellant was not actually impeding
traffic, and that appellant had not rendered the intersection impassable. 

 At the close of the hearing, the trial court denied appellant's motion to suppress
and stated that its findings of fact and conclusions of law were as follows:

 I find and believe that Officer Thomas was a credible witness. I find
that [appellant] was the driver and operator of a motor vehicle on
December 25th, 2005, at approximately 9:56 p.m. in Harris County,
Texas; and that while operating that motor vehicle, she stopped at an
intersection. Officer Thomas drove behind her while the light was
green, and [appellant] was still at that intersection. The light thereafter
sequenced red, and obviously she was in compliance with the traffic
control device at that time. But the light then sequenced green for
however many seconds it was, and [appellant] remained at the
intersection. She was stopped in a moving lane of traffic in the green
sequence of lights. She did impede a moving lane of traffic; and she
failed to comply with the traffic-control signal that certainly indicated
red, green lights. I heard no mention of yellow. That when Officer
Thomas then turned his lights on behind [appellant's] motor vehicle and
walked up to the door, [appellant] immediately drove away. 

 . . . .

 As a matter of law, I find specifically that there was probable cause to
stop and investigate the motor vehicle driven and operated by
[appellant] on December 25, 2005, in Harris County, Texas.


Motion to Suppress

 In two issues, appellant contends that the trial court erred by denying her
motion to suppress the evidence because she was "illegally stopped [i]n traffic
without probable cause to believe that [she] had committed a traffic offense," in
violation of (1) Article 1, Section 9, of the Texas Constitution and (2) the Fourth and
Fourteenth Amendments to the United States Constitution. As briefed, appellant also
contends that Deputy Thomas did not have reasonable suspicion to stop her.

 As a preliminary matter, appellant properly stated her state and federal
constitutional issues separately; however, she then combined these issues into a single
argument, without distinguishing between her state and federal constitutional
grounds. Segura v. State, 826 S.W.2d 178, 181 (Tex. App.--Dallas 1992, pet. ref'd)
(explaining that state and federal issues should be presented in separate grounds and
appellant should provide substantive analysis or argument on each ground).
Accordingly, we will only address appellant's argument under the United States
Constitution. See Arnold v. State, 873 S.W.2d 27, 33 & n.4 (Tex. Crim. App. 1993)
(refusing to examine state constitutional grounds where appellant failed to analyze,
argue, or provide authority to establish that his protection under Texas Constitution
was different from that provided by United States Constitution); Rauscher v. State,
129 S.W.3d 714, 723-24 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (same).

A. Standard of Review

 A trial court's ruling on a motion to suppress evidence will not be set aside
unless there has been an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996); Magana v. State, 177 S.W.3d 670, 672 (Tex. App.--Houston
[1st Dist.] 1997, no pet.). We review the trial court's ruling under a bifurcated
standard of review. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost
total deference to the trial court's rulings on (1) questions of historical fact, especially
when the trial court's fact findings are based on an evaluation of credibility and
demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App.
2002). We review de novo those "mixed questions of law and fact" that do not turn
on an evaluation of credibility and demeanor. See Guzman, 955 S.W.2d at 89. We
view the record and all reasonable inferences therefrom in the light most favorable
to the ruling on the suppression motion, and sustain the ruling if it is reasonably
supported by the record and is correct under any theory of law applicable to the case.
Villarreal, 935 S.W.2d at 138. 

B. Analysis

 Because it is undisputed that appellant was stopped without a warrant, the State
bears the burden to prove the reasonableness of the warrantless detention. See Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The State offered, as the
justification for the detention, the testimony of Deputy Thomas that he witnessed
appellant commit certain traffic violations.

 An officer conducts a lawful stop when he has reasonable suspicion to believe
that an individual is violating the law. Id. A temporary detention is justified when
the detaining officer has specific articulable facts which, taken together with rational
inferences from those facts, lead the officer to conclude that the person detained is,
has been, or soon will be engaged in criminal activity. Brother v. State, 166 S.W.3d
255, 257 (Tex. Crim. App. 2005) (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868,
1884 (1968)). We disregard any subjective intent of the officer making the stop and
look solely to whether an objective basis for the stop exists. Garcia v. State, 43
S.W.3d 527, 530 (Tex. Crim. App. 2001). The determination of the presence of
reasonable suspicion is a factual one and is made and reviewed by considering the
totality of the circumstances at the time of the stop. Icke v. State, 36 S.W.3d 913, 915
(Tex. App.--Houston [1st Dist.] 2001, pet ref'd). 

 A police officer's decision to stop an automobile is reasonable under the Fourth
Amendment when the officer has probable cause to believe that the driver has
committed a traffic offense. Whren v. United States, 517 U.S. 806, 810, 116 S. Ct.
1769, 1772 (1996); Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).
When a traffic violation is committed in an officer's presence, the officer has
probable cause to conduct a traffic stop. State v. Gray, 158 S.W.3d 465, 469 (Tex.
Crim. App. 2005); see Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005);
Tex. Transp. Code Ann. § 543.001 (Vernon 1999); Castro v. State, 227 S.W.3d 737,
741-42 (Tex. Crim. App. 2007).

 It has been held that the State is not required to show that a traffic violation
was actually committed, but only that the facts supported a reasonable suspicion that
a violation was in progress or had been committed. McQuarters v. State, 58 S.W.3d
250, 255 (Tex. App.--Fort Worth 2001, pet. ref'd); Tex. Dep't of Pub. Safety v.
Fisher, 56 S.W.3d 159, 163 (Tex. App.--Dallas 2001, no pet.); Tex. Dep't of Pub.
Safety v. Bell, 11 S.W.3d 282, 284 (Tex. App.--San Antonio 1999, no pet.); Valencia
v. State, 820 S.W.2d 397, 400 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). 

 Here, Deputy Thomas testified that he stopped appellant because she violated,
among other things, Texas Transportation Code Section 544.004, "Compliance with
Traffic-Control Device," which provides, in pertinent part, that "[t]he operator of a
vehicle . . . shall comply with an applicable traffic-control device placed as provided
by this subtitle," subject to certain exceptions not applicable here. See Tex. Transp.
Code Ann. § 544.004(a) (Vernon 1999).

 Deputy Thomas testified that he first observed appellant stopped in the
intersection, and that the traffic light was green. Deputy Thomas came to a stop
behind appellant as the light turned red. When the light turned green again, appellant
did not respond, but remained stopped. Deputy Thomas turned on his emergency
lights and got out of his car. When Deputy Thomas walked up to appellant's vehicle,
the light turned green and appellant then drove forward through the intersection. 
Appellant testified that she did not sit through multiple sequences of the traffic light.

 The trial court found that it believed Deputy Thomas and that appellant was
stopped in a moving lane of traffic in the green sequence of lights and that she failed
to comply with the traffic signal.

 In reviewing the totality of the circumstances surrounding appellant's
detention, we find articulable facts that could have led Deputy Thomas to reasonably
suspect that appellant had committed a traffic violation, thereby justifying the stop
of appellant's car. We conclude that the trial court's ruling is reasonably supported
by the record. See Villarreal, 935 S.W.2d at 138. We hold that the trial court did not
abuse its discretion by denying appellant's motion to suppress.

 Accordingly, we overrule appellant's first and second issues. 

Conclusion

 We affirm the trial court's judgment. 

 



 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).

1. 
 " " 
 
 " 
" "
 "
2. " " 
 §