**Opinion issued October 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00980-CR

————————————

## REYNALDO ESPINOZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Case No. 1841842**

---

## MEMORANDUM OPINION

Appellant, Reynaldo Espinoza, pleaded guilty to the offense of driving while intoxicated.[1] Pursuant to the State's punishment recommendation, the trial court sentenced Appellant to one year in jail, suspended the sentence, placed him on

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a), .09(b)(2) (Vernon Supp. 2014)

community supervision for one year, and assessed a $250 fine. In one issue, Appellant challenges the trial court's denial of his motion to suppress.

We affirm.

## Background

On July 26, 2012, Appellant was driving his car when he was involved in a one-car accident in the vicinity of 15701 Park Ten Place in Houston, Texas. Two bystanders called 9-1-1 at 10:29 p.m. to report the accident. They indicated that a man had rolled his vehicle over near the Red Roof Inn. Police officers arrived at the scene at 10:43 p.m. The officers requested the assistance of the police department's DWI unit. Officer M. Forsten, with the Houston Police Department's DWI Task Force, was dispatched to the scene at 10:44 p.m. Officer Forsten arrived at the scene about 20 minutes after she received the call.

When she arrived, Officer Forsten saw Appellant's car, which was by that time in an upright position, behind a tow truck. She noticed that the front end of the car was damaged. Officer Forsten spoke to the other police officers at the scene for about ten minutes before approaching Appellant. Officer Forsten noticed that Appellant's breath smelled of alcohol, he slurred his speech, and he had poor balance. She also noticed that Appellant was emotional, upset, and crying. With regard to the accident, Appellant told Officer Forsten he owned the car and had been driving it at the time of the accident.

2

Officer Forsten asked Appellant where he had been coming from and where he had been going at the time of the accident. Appellant told her that he had been driving home from a bar. Appellant also told Officer Forsten that he had been drinking. Officer Forsten later testified that Appellant told her that "[h]e had approximately five double shots of whiskey straight and had pizza to eat earlier in the day." Appellant also told Officer Forsten that he had his first drink around 8 p.m. that night; he did not remember when he had his last drink. Officer Forsten also saw an unopened alcoholic drink in Appellant's car.

At 11:22 p.m., Officer Forsten began administering field sobriety tests to Appellant, which were videotaped. Appellant had six clues of intoxication out of six on the horizontal gaze nystagmus test. He exhibited three out of four clues on the one-leg stand test, and showed six out of eight clues on the walk and turn test. Officer Forsten determined that Appellant showed signs of intoxication. She then read him the warnings contained in the DIC-24 form and placed him under arrest for driving while intoxicated. The time of the arrest was 11:44 p.m.

Appellant later gave a breath specimen at the police station. He was charged by information with the offense of driving while intoxicated. Appellant later filed a motion to suppress. At the suppression hearing, the trial court heard evidence to determine whether Officer Forsten had probable cause to arrest Appellant. The State offered the testimony of Officer Forsten and the audio of the 9-1-1 calls made

by two bystanders at the scene, who reported the accident. At the hearing, Appellant asserted that, although the evidence was offered to show that he was intoxicated when he interacted with Officer Forsten, no evidence showed that he had been operating the vehicle or that he had been intoxicated at the time he was driving the car.

At the conclusion of the hearing, the trial court denied Appellant's motion to suppress. In its findings of fact and conclusions of law, the trial court concluded as follows: "Under the totality of the circumstances, the collective knowledge of Officer Forsten, other officers at the scene, and eye witness reportees, provided Officer with probable cause to believe [Appellant] had recently committed the offense of driving while intoxicated."[2]

Appellant pleaded guilty to the charged offense of driving while intoxicated. Based on the State's recommendation, the trial court sentenced Appellant to one year in jail, suspended the sentence, placed him on community supervision for one year, and assessed a $250 fine. Appellant reserved his right to appeal the denial of his motion to suppress.

---

[2] At the hearing on his motion to suppress, Appellant asked the trial court to make findings of fact and conclusions of law. The trial court did not do so. In his appellate brief, Appellant complained of the absence of findings of fact and conclusions of law. We abated the appeal and directed the trial court to make the required findings and conclusions. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). After the trial court filed findings of facts and conclusions of law, we reinstated the appeal.

## Motion to Suppress

In his sole issue, Appellant claims that the evidence offered at the suppression hearing failed to support the trial court's denial of his motion to suppress.[3]

### A.     Standard of Review

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion and the trial court's application of the law to the facts de novo. *Id.* "The ultimate determination of whether probable cause exists is subject to de novo review on appeal." *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009).

The trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App.

---

[3]     In his brief, Appellant frames his appellate issue as follows: "The evidence presented by the State of Texas at the motion to suppress hearing was factually and legally insufficient to prove that the appellant Reynaldo Espinoza actually drove and operated a motor vehicle on a public street or highway in the state of Texas while intoxicated on July 26, 2012." Although couched in terms of sufficiency of the evidence to support elements of the offense, we construe Appellant's issue to be a challenge to the trial court's denial of his motion to suppress. Appellant pleaded guilty pursuant to a plea agreement, reserving only the right to appeal "those matters that were raised by written motions filed and ruled on before trial." TEX. R. APP. P. 25.2(a)(2)(A).

2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If, as in this case, the trial court makes express findings of fact, we review the evidence in the light most favorable to the trial court's ruling and determine whether the evidence supports the fact findings. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give almost total deference to the trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Id.* We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

## B. Analysis

The Fourth Amendment to the United States Constitution, which is made applicable to the states by the Due Process Clause of the Fourteenth Amendment, guarantees that "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated." U.S. CONST. amends. IV; *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Arrests are reasonable only if supported by probable cause. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013). "'Probable cause' for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had

6

committed or was committing an offense." *Amador*, 275 S.W.3d at 878 (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223 (1964)).

Probable cause is not itself a fact required to be proven by the evidence, it is a conclusion that may or may not be reasonably drawn from the circumstances surrounding the facts of a particular case. *Segura v. State*, 826 S.W.2d 178, 182 (Tex. App.—Dallas 1992, pet. ref'd). A probable cause finding requires more than bare suspicion but less than would justify conviction. *Amador*, 275 S.W.3d at 878. The test for probable cause is objective; it is "unrelated to the subjective beliefs of the arresting officer," and "it requires a consideration of the totality of the circumstances facing the arresting officer." *Id.* Once a defendant has carried his initial burden of producing some evidence rebutting the presumption of proper police conduct—that is, by establishing that the arrest was without a warrant—the burden shifts to the State to prove that arrest was nonetheless reasonable; that is, that it was made with probable cause. *See id.* Thus, to overcome Appellant's motion to suppress, the State did not need to prove that Appellant was driving while intoxicated; rather, it only needed to show that probable cause existed to believe that he had committed the offense.

A person commits the offense of driving while intoxicated if the person was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp. 2014). Intoxicated is defined as "not having

7

the normal use of mental or physical faculties by reason of the introduction of alcohol" or "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(A)-(B) (Vernon 2011).

Here, Appellant asserts that the State presented no evidence that he was operating the vehicle. He acknowledges that Officer Forsten testified that Appellant told her that he was driving the car home from a bar when the accident occurred. On appeal, Appellant asserts, "Texas has long embraced the common law rule that an out of Court confession is insufficient to support a conviction absent of corroboration." However, we are not determining whether the evidence offered at the suppression hearing was sufficient to support Appellant's conviction. We are determining whether the State met its burden to show that Officer Forsten had probable cause to arrest Appellant. A probable cause finding does not require the level of evidence necessary to support a conviction. *See Amador*, 275 S.W.3d at 878. In any event, there was other evidence corroborating Appellant's statement that he was driving the vehicle. Officer Forsten testified that Appellant was at the scene of the accident and that there were no passengers at the scene. She also testified that Appellant told her that the car belonged to him.

Appellant also asserts that the State offered no evidence to show that he was intoxicated while he was driving the car. He points out that there was no direct

8

evidence indicating at what time he had been driving or when the accident occurred.

Viewing the evidence in the light most favorable to the trial court's ruling and deferring to the trial court's evaluation of the credibility and demeanor of witnesses, Officer Forsten's observations at the scene and the information she obtained from Appellant constituted reasonably trustworthy information that Appellant was intoxicated at the time he was driving the car. The evidence shows that Officer Forsten arrived at the scene around 11:04 p.m. She was aware that the first responding police officers had arrived at the accident scene at 10:43 p.m. Officer Forsten observed that a tow truck was at the scene and that Appellant's car had accident damage. She spoke with the officers at the scene for about ten minutes then approached Appellant at about 11:15 p.m. Appellant informed Officer Forsten that he had been drinking that night. He told her that he had consumed five double shots of whiskey at the Hotel Derek bar. He said that he had starting drinking at around 8 p.m. Officer Forsten observed an alcoholic beverage container in Appellant's vehicle, but it was unopened.

Officer Forsten observed signs indicating that Appellant was intoxicated at the accident scene. She testified that when she approached Appellant "[t]he first thing I noticed was a distinct odor of alcoholic beverage upon his breath. He had slurred speech. He was emotional. He was upset and crying. Poor balance."

9

Officer Forsten administered field sobriety tests to Appellant during which he exhibited numerous clues of intoxication. The Court of Criminal Appeals has held that "[b]eing intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

In addition to his intoxication at the accident scene, the evidence shows that Officer Forsten learned from Appellant that he had consumed five double shots of whiskey after 8 p.m. She knew that he had then driven his car to the accident scene. She also learned that the first officers were on the scene by 10:43 p.m. Thus, the accident had occurred before 10:43 p.m. but after Appellant had consumed the equivalent of ten shots of whisky within the preceding three hours during which time he had also driven his car.

The evidence showed that Appellant was intoxicated when Officer Forsten interacted with him at 11:15 p.m. The evidence further showed that there was an alcoholic beverage in Appellant's car, however, it was unopened. Thus, there was no indication that Appellant had been drinking after the accident but before his interaction with Officer Forsten.

Based on the totality of the evidence presented, we conclude that the facts and circumstances within Officer Forsten's knowledge, and of which she had reasonably trustworthy information, were sufficient to warrant a prudent person to believe that, at the time of his arrest, Appellant had committed the offense of driving while intoxicated. *See Amador*, 275 S.W.3d at 878. Thus, we further conclude that the State met its burden at the suppression hearing to show that Officer Forsten had probable cause to arrest Appellant. We hold that the trial court did not abuse its discretion when it denied Appellant's motion to suppress.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).