**Guadalupe LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00732–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1996.

Edward N. Daneri, Law Offices of Edward N. Daneri, P.C., San Antonio, for Appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

Guadalupe Lopez was convicted by a jury of driving while intoxicated (DWI). She received a probated sentence of two years confinement and a $1,000 fine. She appeals.

The basis of her appeal is that the warrantless arrest was invalid because no police officer witnessed her driving the vehicle. Therefore, she says, the arrest was a violation of Article 14.01 of the Texas Code of Criminal Procedure and the trial court should have granted her motion for a directed verdict. This provision of the Code of Criminal Procedure states:

(a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1994). Appellant was subsequently charged and convicted under section 49.04(a) of the Texas Penal Code, which states that a "person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." TEX.PENAL CODE ANN. § 49.04(a) (Vernon 1994).

### Facts

Lopez had been to a fund raiser, as well as one other event. She said she only had one or two beers and was not intoxicated. After these events she ran into a parked car. An independent witness testified she saw Lopez driving fast and swerving before she ran into her neighbor's car that was parked on the side of the street. The witness also testified that after the wreck, she saw Lopez trying to start her car, which had died in the collision. The police arrived soon afterwards and found Lopez still sitting in her car behind the wheel trying to start the car. Lopez said she was just trying to get the keys out.

The police found the usual signs of intoxication. She was unsteady on her feet, smelled strongly of intoxicants and dropped her keys twice while trying to open the trunk of her car to retrieve her purse. There was an open can of beer in the car. Lopez refused to take the field sobriety test, and tried to take the breathalyzer test but could not blow hard enough to get a reading. A videotape was also made. There was evidence that her speech was slurred. Lopez had her own version of the event and testified in her own behalf, but the jury believed the police and the other state witnesses and convicted her of DWI.

### The Law

The gist of the appeal is that the arresting officer never saw Lopez actually driving and, therefore, could not arrest her for DWI. The point of error was timely preserved. Lopez relies on two cases to support her position: *Warrick v. State*, 634 S.W.2d 707 (Tex.Crim. App.1982); and *Collins v. State*, 795 S.W.2d

777 (Tex.App.—Austin 1990, no pet.). We will discuss both cases.

*Warrick* was a search and seizure case in which marijuana was found in the defendant's pocket after he was arrested for DWI. *Warrick*, 634 S.W.2d at 707–08. There, as here, the officer had not seen the defendant driving. *Id.* at 709. The court upheld the search, though, because the defendant was lawfully arrested for public intoxication. The court in *Warrick* quotes extensively from *United States v. Fossler*, 597 F.2d 478 (5th Cir.1979). Specifically, the *Warrick* court quoted the following language in *Fossler* with approval:

> Fossler asserts that he could not have been properly arrested for driving while intoxicated because the officer did not see him driving, but rather found him leaning against his stopped car. Article 14.01(b) of the Texas Code of Criminal Procedure allows a warrantless arrest for a misdemeanor, which driving while intoxicated is, only when the offense is committed in the arresting officer's presence or within his view. The Texas Court of Criminal Appeals has indicated, however, that an arrest for driving while intoxicated is not necessarily invalid merely because the arresting officer did not see the defendant drive his car, since the defendant may still be subject to a public intoxication charge.... The Fifth Circuit has recognized that where a defendant was arrested for the 'wrong' offense, the arrest is nonetheless valid where the crime for which he was arrested and the crime for which there was probable cause to believe he had committed are closely related and there is no proof of sham or fraud.

*Warrick*, 634 S.W.2d at 709 (quoting *United States v. Fossler*, 597 F.2d 478 (5th Cir. 1979)).

Several other cases have included a finding that although an arrest for DWI was not appropriate, the arrest could be upheld for public intoxication. *E.g., id.; Segura v. State*, 826 S.W.2d 178, 185 (Tex.App.—Dallas 1992, pet. ref'd); *Pringle v. State*, 732 S.W.2d 363, 368 (Tex.App.—Dallas 1987, pet. ref'd).

The second case appellant relies on, *Collins*, was a DWI case, but the issue was the consequences of a "no contest" plea. A footnote of the *Collins* opinion contains language that is somewhat helpful to the appellant in this case:

> If our decision required resolution of the arrest and search issue, we would have sustained Collins' point of error challenging the trial ·court's failure to grant his motion to suppress.... Because no peace officer or magistrate observed Collins driv-·ing, he *was* subject to a warrantless arrest by officer Burris for public intoxication only, *not* for driving while intoxicated.

*Collins*, 795 S.W.2d at 779 n. 4.

We think, though, that this case can be broken into two issues. The first issue is whether the officer had a right to make a warrantless arrest for either public intoxication or DWI, and we think there was evidence that would support an arrest for either violation. The second issue focuses on whether there was sufficient evidence at trial to support the DWI conviction.

First, with regard to the warrantless arrest issue, the police rarely see car wrecks as they happen. If we accept appellant's argument, the police could never arrest a driver for DWI at a wreck scene unless they saw the driver actually having the wreck. In actuality, although arresting officers may not see the wreck, they are held to a probable cause standard, and at trial there must be sufficient evidence to support the conviction.

The warrantless arrest statute is also instructive, which provides in pertinent part:

> (a) Any peace officer may arrest, without warrant:

> (1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some ... breach of the peace ...

Tex.Code Crim.Proc.Ann. art. 14.03 (Vernon 1994). A drunk driver, speeding and swerving and running into a parked car, is guilty of a breach of the peace. In our society, having a drunken driver damage or destroy your car is not taken lightly even when no one is injured physically. For many people, their car is their major investment and their greatest asset.

Appellant, Guadalupe Lopez's, sole point of error is that the trial court erred in failing to grant her motion for directed verdict. Turning to the second issue in this case, we note that a challenge to the trial court's denial of a motion for directed verdict, such as that raised by Lopez, is tantamount to a challenge to the sufficiency of the evidence. *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App. 1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). In examining the sufficiency of the evidence, we review the entire record in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State,* 758 S.W.2d 551, 562 (Tex.Crim.App.) (quoting *Alexander v. State,* 740 S.W.2d 749, 757–58 (Tex.Crim.App. 1987)), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988).

The evidence in this case is amply sufficient to support the conviction of DWI. Lopez was seen driving the car and having the wreck. She was still sitting behind the wheel when the officer arrived. She was attempting to do something relating to the operation of her car. Whether she was trying to start the car, as the officer testified, or remove the key, as she testified, is not critical. She never at any time denied she was driving the car. She denied being intoxicated, gave her own version of how much she had to drink, and explained that she sustained a head injury in the accident. But the jury disbelieved Lopez and chose to believe that she was drunk for the reasons already mentioned.

It is for the jury, as the trier of fact, to assess the credibility of witnesses and the weight to be given their testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim. App.1991). Jurors are empowered "to draw reasonable inferences from basic facts to ultimate facts." *Kapuscinski v. State,* 878 S.W.2d 248, 249 (Tex.App.—San Antonio 1994, pet. ref'd) (quoting *Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, pet. ref'd)). From the facts in this case, the jury could reasonably infer that Lopez had been driving the car. *See Pope v. State,* 802 S.W.2d 418, 420 (Tex.App.—Austin 1991, no pet.) (concluding that jury's decision resolving conflicting inferences, if any, must be given deference).

Viewing the evidence in a light most favorable to the jury verdict, a rational trier of fact could have found beyond a reasonable doubt that Lopez was driving her vehicle in a public place while intoxicated. Accordingly, Lopez's point of error is overruled and the judgment of the trial court is affirmed.