NO. 07-07-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D 

 MAY 14, 2009

______________________________


JERRY DALE MORGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 06-10-6323; HONORABLE HAROLD PHELAN, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Jerry Dale Morgan, was convicted by a jury of felony driving while
intoxicated, enhanced by two prior felony convictions, and sentenced to confinement for
life. Appellant contends (1) the evidence at trial was legally and factually insufficient to
support his DWI conviction; (2) the trial court erred by prematurely terminating his voir dire;
and (3) the trial court erred by failing to suppress evidence obtained due to an illegal
warrantless arrest. We affirm.



Background
          On October 26, 2006, Appellant was indicted for the third degree felony offense of
driving while intoxicated.


 The range of punishment was enhanced due to two prior felony
convictions for driving while intoxicated.


 On February 24, 2005, Alfred Garcia, manager
for WayneBo’s Liquor Store, heard a loud noise and felt the building shake. He
approached the parking lot and observed a pickup truck had struck a cement post next to
the drive-through lane. The driver was slumped over.
          Garcia approached the driver and asked if he was okay or needed anything. The
driver asked if Garcia would get him a six pack of beer. Garcia noticed a strong smell of
alcohol coming from within the truck cab and the driver’s speech was slurred. He refused
to serve him and indicated that he was not going to allow the driver to leave the parking lot. 
The driver agreed not to leave but wanted to back out of the drive-through lane. After he
backed up, however, the driver put the truck in “drive,” pulled out of the parking lot onto the
roadway, and drove away. During this process, Garcia noticed that the front end of the
truck was damaged.
          As the truck was leaving, Garcia jotted down the license plate number. He believed
the driver was extremely intoxicated and might possibly harm himself or someone else. 
He called 911 and reported the incident. He described the truck as a white Dodge
extended cab pickup with a chrome toolbox. 
          Jose Barrientes, Texas Department of Public Safety Trooper, received a dispatch
of Garcia’s incident report and began patrolling the area for the truck. Within
approximately twenty minutes, he was notified by a Hockley County Sheriff Deputy that the
truck had been located. Within minutes, Trooper Barrientes arrived at the location and
observed a pickup truck matching Garcia’s description parked behind a residence with
front-end damage consistent with striking a fixed object such as a concrete pole. The
engine was still warm.
          Trooper Barrientes approached the front door of that residence and knocked. A
woman answered and invited him inside. She identified the truck as belonging to
Appellant. Appellant then approached them from downstairs. He verified that he owned
the truck but indicated he hadn’t driven it in a week. Trooper Barrientes detected a strong
odor of alcohol coming from Appellant. His eyes were red and glassy, his speech was
slurred, and he was unsteady on his feet—staggering when he walked. 
          Trooper Barrientes informed Appellant that his truck was damaged and asked if he
would come outside to inspect the damage. Appellant complied and, as they walked down
the sidewalk, Trooper Barrientes asked Appellant to step in front of his patrol car so that
he could document Appellant’s condition with his in-car video. Appellant refused and
continued toward the truck. After Appellant had inspected the damage, Trooper Barrientes
read him his Miranda rights.
          Appellant told the officers he had been drinking downstairs at his residence and
denied being at WayneBo’s earlier. He refused all field sobriety tests. Based on his
observations, Trooper Barrientes concluded Appellant was intoxicated and a danger to
himself and others.
          Meanwhile, Deputy Jesse Quintanilla picked Garcia up at WayneBo’s and drove him
to the location of Appellant’s vehicle. Garcia observed Appellant standing next to a fence. 
The area was well-lit by the headlights from the patrol cars. Garcia identified Appellant as
the intoxicated driver of the vehicle that struck the concrete pole outside WayneBo’s and
subsequently drove away. He also identified Appellant’s truck as the vehicle that struck
the pole.


 
          Following the identification, Trooper Barrientes believed Appellant had been driving
while intoxicated and placed him under arrest. When he attempted to place Appellant in
the patrol car, Appellant leaned in and nearly fell into the car. The assistance of several
officers was necessary to assist Appellant into the car. At the jail, Appellant refused to give
a breath sample. During a DWI interview prefaced with Miranda warnings, Appellant
admitted he had been drinking prior to the time the incident occurred at WayneBo’s. 
          For the defense, Rhonda Morris, general manager of Berry-Stricklen Insurance
Services, testified that WayneBo’s had not filed a claim on Appellant’s policy for damage
to the concrete pole. And, Cynthia Ann Kaufmann, Appellant’s cousin through marriage,
testified that family members were aware Appellant commonly kept his keys to the truck 
in its bed underneath the mat liner. She also identified Appellant from the photograph
taken by a deputy the night of the incident, i.e., the same photograph Garcia identified
Appellant from earlier in the trial. Thereafter, the jury convicted Appellant of felony driving
while intoxicated and subsequently assessed his punishment at life imprisonment.
 

Discussion
          Appellant contends the evidence at trial was legally and factually insufficient to
support a conviction for felony driving while intoxicated because Garcia was unable to
identify Appellant as the driver in the courtroom and, assuming he was the driver, there
was no evidence Appellant was intoxicated at the time he allegedly drove the vehicle to
and from WayneBo’s. He also asserts the trial court prematurely terminated his voir dire
of the jury regarding any prejudicial impact of his prior record on punishment. Lastly,
Appellant contends the trial court erred by failing to suppress evidence obtained due to his
illegal warrantless arrest.
          I.        Legal and Factual Sufficiency
          When conducting a legal sufficiency review of the evidence to support a criminal
conviction, we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005). 
We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this is the function of the trier of fact. See Dewberry v. State, 4 S.W.3d 735,
740 (Tex.Crim.App. 1999). Instead, we determine whether both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the adjudication. Adelman v. State, 828 S.W.2d 418, 422
(Tex.Crim.App. 1992). Circumstantial evidence is as probative as direct evidence in
establishing an accused’s guilt, and circumstantial evidence alone can be sufficient. 
Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). 
          When conducting a factual sufficiency review, we examine all the evidence in a
neutral light and determine whether the trier of fact was rationally justified in finding guilt
beyond a reasonable doubt. Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App.), cert.
denied, ___ U.S. ___,128 S.Ct. 282, 169 L.Ed.2d 206, 76 U.S.L.W. 3165 (2007); Watson
v. State, 204 S.W. 3d 404, 415 (Tex.Crim.App. 2006). We are to give deference to the
factfinder’s determination if supported by the record, and cannot reverse a conviction
unless we find some objective basis in the record that demonstrates that the great weight
and preponderance of the evidence contradicts the verdict. Id. at 417. 
          A person commits the offense of driving while intoxicated if the person is intoxicated
while operating a motor vehicle in a public place. See Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003). A person is considered “intoxicated” if the person: (1) does not have the
normal use of their mental faculties by reason of the introduction of alcohol into the body;
(2) does not have the normal use of their physical faculties by reason of the introduction
of alcohol into the body; or (2) has an alcohol concentration in his breath, blood, or urine
of 0.08 or more. Id. at § 40.01(2). 
          That Garcia was unable to positively identify Appellant at trial as the intoxicated
driver of the truck that collided with the concrete pole outside WayneBo’s is
inconsequential. Garcia identified Appellant as the driver shortly after the incident and, at
trial, from a photograph taken the night of the incident. Appellant’s sister also identified
Appellant from the same photograph.
          There was also an abundance of circumstantial evidence from which the jury could
infer that Appellant was intoxicated at the time he drove to and from the liquor store the
night of the incident: (1) Garcia identified Appellant as the driver of a truck that collided with
a concrete pole next to the drive-through lane at WayneBo’s with force enough to shake
the liquor store; (2) when Garcia stood outside the cab of the truck on the driver’s side, he
observed that Appellant appeared extremely intoxicated noticing a strong smell of alcohol
coming from the truck cab and Appellant’s speech was slurred; (3) Appellant left the scene
of the accident; (4) a little over twenty minutes later, Trooper Barrientes observed
Appellant’s truck behind his residence, there was front end damage consistent with striking
a stationary object such as a concrete pole, and the engine was warm; (5) when Trooper
Barrientes observed Appellant in his residence, he detected a strong odor of alcohol
coming from Appellant, his eyes were red and glassy, speech slurred, he staggered when
he walked, and he was unstable when placed into the patrol vehicle; and (6) Appellant
admitted he was the owner of the pickup and later to drinking before the incident. Garcia
identified Appellant’s truck as the vehicle that struck the pole and Appellant as the
intoxicated driver. Accordingly, having reviewed the entire record, we find the jury’s
findings were rational and the great weight and preponderance of the evidence supports,
rather than contradicts, the verdict. Appellant’s first issue is overruled.
          II.       Voir Dire
          It is a well-established principle that the conduct of voir dire rests largely within the
sound discretion of the trial court. Woods v. State, 152 S.W.3d 105, 108 (Tex.Crim.App.
2004), cert. denied, 544 U.S. 1050, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005). The
appropriate standard of review is whether the trial court abused that discretion; Boyd v.
State, 811 S.W.2d 105, 115-116 (Tex.Crim.App.), cert. denied, 502 U.S. 971, 112 S.Ct.
448, 116 L.Ed.2d 466 (1991), and “[t]he appropriate standard of harm is to disregard the
error unless a substantial right has been affected.” Woods, 152 S.W.3d at 109-110. “A
substantial right is affected when the error has a substantial and injurious effect or
influence in determining the jury’s verdict.” Id. at 110. 
          A trial court may impose reasonable restrictions on the exercise of voir dire
examination including reasonable limits on the amount of time each party can question the
jury panel. Caldwell v. State, 818 S.W.2d 790, 793 (Tex.Crim.App. 1991), overruled on
other grounds, Castillo v. State, 913 S.W.2d 529 (Tex.Crim.App. 1995). A reasonable time
limitation for one case may not be reasonable for another, and each case must be
examined on its own facts. Ratliff v. State, 690 S.W.2d 597, 600 (Tex.Crim.App. 1985). 
While a trial court may not restrict proper questions that seek to discover a juror’s view on
issues relevant to the case, McCarter v. State, 837 S.W.2d 117, 121-22 (Tex.Crim.App.
1992), we will not reverse the trial court’s refusal to allow defense counsel additional time
on voir dire absent an abuse of discretion. See id. at 119; Caldwell, 818 S.W.2d at 793;
Dhillon v. State, 138 S.W.3d 583, 587 (Tex.App.–Houston [14th Dist.] 2004, no pet.).
          When a party complains of an inability to collectively question the venire, a two-part
test applies: (1) whether the complaining party attempted to prolong the voir dire; and (2)
whether the questions the party was not permitted to ask were proper voir dire questions. 
McCarter, 837 S.W.2d at 121. See Dhillon, 138 S.W.3d at 587-88. When an appellant
challenges the trial court’s limiting the time allowed for voir dire, we focus on whether
appellant proffered a proper question concerning a proper area of inquiry. Thacker v.
State, 889 S.W.2d 380, 390 (Tex.App.–Houston [14th Dist.] 1994), cert. denied, 516 U.S.
810, 116 S.Ct. 57, 133 L.Ed.2d 21 (1995). 
          Appellant was permitted in excess of an hour to voir dire prospective jurors. He was
warned a number of times that his time was expiring but given additional time to complete
his questioning. His last request was for an additional fifteen to twenty minutes which the
trial court denied but nonetheless granted five additional minutes. Appellant objected but
did not state why he required additional time in this particular case or proffer specific
questions that he was prevented from asking the prospective jurors.


 He simply submitted
his voir dire outline consisting of eight pages of questions–many of which were open-ended. 
          Because Appellant did not narrow the scope of his need for further inquiry beyond
the eight page outline, a wide range of specific questions–both proper and improper–could
have been asked. Given the broad nature of this request, it is impossible for this Court to
determine whether Appellant’s further inquiry would have been appropriately phrased, non-repetitive and/or relevant. See Hart v. State, 173 S.W.3d 131, 139 (Tex.App.–Texarkana
2005, no pet.). Unable to make this determination, we cannot find that the trial court
abused its discretion in refusing Appellant’s request for additional time. See Caldwell, 818
S.W.2d at 794; Barrett v. State, 516 S.W.2d 181, 182 (Tex.Crim.App. 1974). See also 
Thacker, 889 S.W.2d at 390-91. Appellant’s second issue is overruled. 
          III.      Warrantless Arrest
          Appellant maintains the trial court erred by refusing to suppress evidence obtained
as a result of an illegal warrantless arrest. A trial court’s ruling on a motion to suppress is
reviewed for abuse of discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App.
2002). However, where we are presented with a question of law based on undisputed facts,
we perform a de novo review. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). 
In our review, the evidence is viewed in a light most favorable to the trial court’s ruling
because findings of fact were neither requested nor issued. See Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex.Crim.App. 2000). If the trial court’s decision is correct on any theory
of law applicable to the case, it will be sustained. Armendariz v. State, 123 S.W.3d 401, 404
(Tex.Crim.App. 2003), cert. denied, 541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004). 
           The sole issue at the suppression hearing was whether Appellant’s warrantless arrest
for driving while intoxicated met the requirements of the Texas Code of Criminal Procedure. 
As a general rule, police officers must obtain an arrest warrant before taking someone into
custody. De Jarnett v. State, 732 S.W.2d 346, 349 (Tex.Crim.App. 1987). However, a
police officer may arrest an individual without a warrant if (1) probable cause exists with
respect to the individual in question and (2) the arrest falls within one of the statutory
exceptions in articles 14.01-14.04 of the Texas Code of Criminal Procedure.


 See Amores
v. State, 816 S.W.2d 407, 413 (Tex.Crim.App. 1991); Lunde v. State, 736 S.W.2d 665, 666
(Tex.Crim.App. 1987).
          Article 14.01 permits a warrantless arrest for driving while intoxicated when the
offense is committed in the view, or in the presence, of an arresting officer.


 See Warrick
v. State, 634 S.W.2d 707, 709 (Tex.Crim.App. 1982). Because Trooper Barrientes did not
see Appellant driving, a warrantless arrest for DWI would have been improper under Article
14.01. See Peddicord v. State, 942 S.W.2d 100, 109 (Tex.App.–Amarillo 1997, no pet.);
Elliott v. State, 908 S.W.2d 590, 592 (Tex.App.–Austin 1995, pet. ref’d); Lopez v. State,
936 S.W.2d 332, 334 (Tex.App.–San Antonio 1996, no pet.); Reynolds v. State, 902
S.W.2d 558, 560-61 (Tex.App.–Houston [1st Dist.] 1995, pet. ref’d).



          Article 14.03(a)(1) permits a warrantless arrest of persons (1) found in suspicious
places and (2) under circumstances which reasonably show that such persons have been
guilty of a breach of peace, among other offenses.


 Driving while intoxicated is a breach
of peace. Gallups v. State, 151 S.W.3d 196, 201 (Tex.Crim.App. 2004); Romo v. State,
577 S.W.2d 251, 253 (Tex.Crim.App. 1979). Thus, if Appellant was in a “suspicious place,”
under circumstances which reasonably show that he was driving while intoxicated, then
Trooper Barrientes had authority to arrest Appellant without a warrant.
          Few, if any, places are inherently suspicious. Dyar v. State, 125 S.W.3d 460, 464-65 (Tex.Crim.App. 2003) (quoting Johnson v. State, 722 S.W.2d 417, 421 (Tex.Crim.App.
1986), overruled on other grounds, McKenna v. State, 780 S.W.2d 797, 799
(Tex.Crim.App. 1989)). Determining whether a place has become suspicious is highly fact
specific. Dyar, 125 S.W.3d at 468 (citing Holland v. State, 788 S.W.2d 112, 113
(Tex.App.–Dallas 1990, pet. ref’d)). A place may become “suspicious” because of facts
and circumstances, together with any reasonable inferences which can be drawn from
those facts. Sandoval v. State, 35 S.W.3d 763, 769 (Tex.App.–El Paso 2000, pet. ref’d). 
Suspicious places may include a hospital where a defendant was arrested for DWI soon
after he was transported there after an accident; Dyar, 125 S.W.3d at 468, a residence
where a defendant was arrested for DWI soon after he abandoned his wrecked truck and
fled the scene of an accident; Gallups, 151 S.W.3d at 202, or a backyard where a
defendant was arrested for DWI soon after he fled the scene of an accident in his vehicle. 
Sandoval v. State, 35 S.W.3d at 769-70. To determine whether Appellant’s warrantless
arrest was proper under article 14.03(a)(1), we apply a totality of circumstances test. See
Dyar, 125 S.W.3d at 468. 
          In this case, Trooper Barrientes observations and the physical evidence in
Appellant’s backyard tied Appellant and his pickup truck to the accident scene where
Appellant was observed by Garcia to be committing a breach of the peace, i.e., driving
while intoxicated. Trooper Barrientes had received a dispatch based on an eyewitness
account of a one-vehicle collision, a detailed description of the truck that fled the scene,
and information that the driver was intoxicated. In a little more than twenty minutes, a truck
matching that description was located behind a residence along a fence in an alley. 
Trooper Barrientes observed that the truck engine was warm and there was damage to the
front end consistent with the reported collision. He also observed Appellant, the owner of
the truck, as staggering, with red and glassy eyes, and slurred speech. Subsequently, the
eyewitness to the accident identified Appellant as the driver of the truck involved in the
collision and the truck as the vehicle that struck the concrete pole outside his liquor store. 
The totality of these circumstances made Appellant’s backyard a “suspicious place.” This
conclusion is buttressed by the short time frame between the crime and the apprehension
of the suspect; Dyar, 125 S.W.3d at 468, and the exigent circumstances (the need to
ascertain the suspect’s blood-alcohol level)


 existing to justify an immediate arrest. 
Gallops, 151 S.W.3d at 202. The same facts also provided probable cause to believe that
Appellant had been drinking and driving. 
          Accordingly, we find that Appellant’s warrantless arrest pursuant to article
14.03(a)(1) was proper and overrule his third issue.
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle 

                                                                                  Justice 



Do not publish.