**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00313-CR**

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**GRADY JACK BARBER, Appellee**

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. 22DC-CR-01316

**MEMORANDUM OPINION**

Appellant, the State of Texas ("the State"), complains the trial court erred by granting Appellee Grady Jack Barber's ("Barber") motion to suppress his blood-toxicology results. Barber argues the trial court did not abuse its discretion by granting his motion to suppress because the officer lacked the authority to execute the blood warrant. For the reasons explained below, we reverse the trial court's order and remand for further proceedings.

1

## BACKGROUND

A grand jury indicted Barber for intoxication manslaughter with a vehicle. *See* Tex. Penal Code Ann. § 49.08(b). A witness observed Barber consume two alcoholic beverages at a bar in Liberty County before he drove off, struck a vehicle, and killed the driver. After Barber was transported to a Harris County hospital, Officer E.L. Ibarra ("Ibarra") of the Dayton Police Department executed an Affidavit for Search Warrant, in which Ibarra states he believes Barber was driving while intoxicated based on a witness reporting he observed Barber drink two alcoholic beverages before operating a motor vehicle and causing a fatal accident. Ibarra states Barber did not perform any standard field sobriety tests because Barber was transported to the hospital, but Barber indicated signs of impaired driving. Liberty County Court at Law Judge Thomas Chambers signed a Search Warrant for Blood pursuant to Article 18.01(j) of the Texas Code of Criminal Procedure authorizing Ibarra to seize a blood specimen from Barber. The record shows Ibarra executed the blood warrant at the hospital without the assistance of any Harris County law enforcement officers and seized a blood specimen for testing.

Barber filed a Motion to Suppress Illegally Obtained Evidence, arguing his blood analysis must be suppressed because (1) the seizure of his blood was unlawful due to Ibarra's search warrant affidavit lacking probable cause, and (2) Ibarra executed the warrant outside of his jurisdiction. Barber complains there is no

2

evidence that he showed signs of intoxication because Ibarra's affidavit failed to provide any observations of impairment. Instead, Ibarra's affidavit relies on a witness who observed Barber consume two alcoholic beverages before the accident. In his affidavit, Ibarra noted that the driving habits observed before the stop indicated an impaired driver. Barber argued that Ibarra did not have any contact with him prior to obtaining the search warrant and his affidavit does not contain any facts regarding intoxication that he could rely on, including the witness's statement.

Barber also argued that Ibarra lacked authority to execute the search warrant in Harris County without the assistance of a Harris County officer who was authorized to make an arrest. *See* Tex. Code Crim. Proc. Ann. art. 18.067. Barber complained that the search warrant was unlawfully executed because Ibarra failed to seek the assistance of a Harris County officer.

The trial court conducted a pre-trial hearing during which the parties presented a Stipulation of Evidence and presented their arguments. The trial court found there was probable cause for the issuance of the blood warrant and asked the parties to provide additional briefs concerning the clarification of article 18.067 and the interplay between articles 18.067 and 14.

The State filed a Brief, arguing that Ibarra was statutorily authorized to execute the search warrant in Harris County without any assistance. The State also argued that under article 14.03(d) of the Texas Code of Criminal Procedure, Ibarra

3

was authorized to arrest Barber in Harris County without a warrant for committing a felony under Chapter 49 of the Texas Penal Code within Ibarra's presence or view. *See id.* art. 14.03(d). According to the State, although Ibarra did not personally witness the offense, he was permitted to rely on information conveyed by others to establish probable cause for the arrest. The State maintained that since Ibarra acted in objective good faith reliance on a facially valid warrant, the evidence should not be suppressed under the exclusionary rule. In his Supplemental Brief, Barber argued that article 18.067 does not apply because Ibarra was not authorized to arrest him in Harris County and that article 14.03(d) did not authorize Ibarra to arrest him without a warrant because he did not commit the offense within Ibarra's presence or view.

The trial court sustained Barber's Motion to Suppress and excluded evidence of Barber's blood-toxicology results.

The trial court made the following findings of fact:

1. the Defendant, Grady Jack Barber, stands charged by indictment with the felony offense of intoxication manslaughter, alleged to have occurred on or about October 31, 2022, in Liberty County, Texas.

2. as a result of the motor vehicle crash, the Defendant was transported to Houston Methodist Baytown Hospital ("the Hospital"), located at 4401 Garth Road, Baytown, Harris County, Texas 77521, for medical treatment.

3. Dayton Police Department Officer E.L. Ibarra ("Ibarra") obtained a search warrant pursuant to article 18.01(j), TEX. CODE OF CRIM. PROC., to collect a sample of the Defendant's blood drawn by the Hospital.

4

4. the search warrant for the Defendant's blood was signed by Liberty County Court at Law Judge Thomas Chambers and executed in Harris County by Officer Ibarra.

5. formal charges were filed against the Defendant on December 20, 2022, after receipt of a blood-toxicology laboratory report indicating a blood-alcohol content of .079.

6. the Defendant surrendered and was arrested on March 21, 2023, the day after his case was indicted by a Liberty County grand jury.

7. probable cause was shown for the issuance of the blood search warrant.

8. Liberty County and Harris County are adjacent counties within the State of Texas.

9. Officer Ibarra is a certified municipal peace officer with the Dayton Police Department.

10. the Dayton Police Department's jurisdiction does not, without statutory exception, extend beyond the borders of Liberty County, Texas.

11. no statutory exception exists extending the jurisdiction of the Dayton Police Department.

12. the alleged offense occurred wholly within the jurisdictional boundaries of Liberty County, Texas.

13. Officer Ibarra arrived on the scene of the motor vehicle crash after it had occurred.

14. the motor vehicle crash did not occur within Officer Ibarra's physical presence or view.

15. Officer Ibarra did not observe the Defendant prior to or at the time of the motor vehicle crash.

16. Officer Ibarra did not request the assistance of any Harris County law enforcement officer to execute the warrant and none were present during the execution of the warrant.

The trial court made the following conclusions of law:

1. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. U.S. CONST. amend. IV.

2. The non-consensual extraction of blood implicates privacy rights and falls within the protections of the Fourth Amendment. *Sanchez v. State*, 365 S.W.3d 681, 684 (Tex. Crim. App. 2012).

3. A search warrant cannot issue unless it is based on probable cause articulated within the four corners of an affidavit. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01(b); *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

4. The affidavit must set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(c); *McKissick v. State*, 209 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

5. Where a search warrant sought is for blood evidence to prove intoxication, the magistrate typically must determine probable cause exists that a blood test would provide evidence showing a defendant was **intoxicated** as that term is defined in law. *Islas v. State*, 562 S.W.3d 191(Tex. App.—Houston [14th Dist.] 2018, pet. ref'd, cert. denied 140 S.Ct. 909) (emphasis added).

6. Search warrants for intoxication-related blood evidence may be executed in adjacent counties by any law enforcement officer authorized to make an arrest in the county of execution. TEX. CODE CRIM. PROC. [ANN.] art. 18.067.

6

7. A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a violation of Chapter 42 or 49, TEX. PENAL CODE, or a breach of the peace. TEX. CODE CRIM. PROC. [ANN.] art. 14.03(d).

8. A peace officer has authority to arrest, without a warrant, when probable cause is based on reasonably trustworthy information provided by another person. *State v. Ford*, 537 S.W.3d 19, 23-24 (Tex. Crim. App. 2017).

9. A municipal police officer has the authority to arrest, without a warrant and outside of his jurisdiction, a person who commits any offense within his presence or view that is not merely a "rules of the road" traffic violation. TEX. CODE CRIM. PROC. [ANN.] art. 14.03(g)(2); *Brother v. State*, 166 S.W.3d 255, 260 (Tex. Crim. App. 2005).

10. An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him awareness of its occurrence. *State v. Whitman*, 606 S.W.3d 791, 799 (Tex. App.—Eastland 2020, pet[.] ref'd)(citing *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2022).

11. Officer Ibarra did not have the authority to arrest the Defendant in Harris County, Texas.

12. Officer Ibarra did not have the authority to execute an intoxication-related search warrant in Harris County, Texas.

13. The seizure of the Defendant's blood sample drawn by the Hospital was unlawful.

14. The results of the Defendant's blood-toxicology analysis performed by the Texas Department of Public Safety Crime Laboratory are inadmissible.

## ANALYSIS

In its sole issue, the State complains the trial court erred by granting Barber's Motion to Suppress. The State contends Ibarra had the authority to execute the Liberty County search warrant in Harris County, which is an adjacent county. *See* Tex. Code Crim. Proc. Ann. art. 18.067. According to the State, Ibarra had probable cause to arrest Barber without a warrant for committing the intoxication offense within his presence or view. *See id.* arts. 14.03(d), 18.067. The State maintains that since Ibarra acted in objective good faith reliance on a facially valid warrant, the evidence should not be suppressed under the exclusionary rule. *See* Tex. Code Crim. Proc. Ann. art. 38.23.

"We review a trial court's ruling on a motion to suppress using a bifurcated standard for an abuse of discretion." *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). "We defer to a trial court's findings of fact that are supported by the record." *Id.* We review de novo legal questions and mixed questions that do not turn on credibility and demeanor, such as the facts of a case that would establish probable cause. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). The evidence and all reasonable inferences are viewed in the light most favorable to the trial court's ruling, and the trial court's ruling must be upheld if it is reasonably supported by the record and is correct under a theory of law applicable to the case. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

A search warrant may be issued to search for and seize property or items constituting evidence of an offense or evidence tending to show that a particular person committed an offense. Tex. Code Crim. Proc. Ann. art. 18.02(a)(10). A warrant issued under article 18.02(a)(10) to collect a blood specimen from a person suspected of committing an intoxication offense may be executed (1) in any county adjacent to the county in which the warrant was issued; and (2) by a law enforcement officer authorized to make an arrest in an adjacent county. Tex. Code Crim. Proc. Ann. art. 18.067.

We agree that an officer with the Dayton Police Department, who is not authorized to make an arrest in Harris County, needs the assistance of an officer with jurisdiction in Harris County to execute a search warrant to seize a blood specimen. *See Keen v. State*, 626 S.W.2d 309, 313 (Tex. Crim. App. 1981). We disagree that Ibarra was not authorized to make an arrest in Harris County and to execute the search warrant under article 18.067.

The State argues that Ibarra had probable cause to arrest Barber without a warrant for committing the offense within his presence or view. *See* Tex. Code Crim. Proc. Ann. art. 14.03(d). The State argues that since all the information supporting probable cause does not have to be within an officer's personal knowledge, Ibarra could rely on both his personal observations and trustworthy information provided by others. *See id.*; *State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011).

9

According to the State, Ibarra had probable cause to arrest Barber without a warrant based on the eyewitness's statement, the location and cause of the crash, and his personal observations of Barber at the hospital.

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." Tex. Code Crim. Proc. Ann. art. 14.01(b). Warrantless arrests under Article 14.01(b) must be supported by probable cause. *See Beverly v. State*, 792 S.W.2d 103, 104-05 (Tex. Crim. App. 1990). Probable cause exists under Article 14.01(b) if, when the arrest is made, the facts, circumstances, and reasonably trustworthy information known to the arresting officer, are sufficient for a prudent person to conclude that an individual committed or was committing a criminal offense. *State v. Martinez*, 569 S.W.3d 621, 628 (Tex. Crim. App. 2019) (quoting *Woodard*, 341 S.W.3d at 412). Similar to article 14.01(b), article 14.03(d) provides that a peace officer who is outside his jurisdiction may arrest, without a warrant, a person who commits an offense within the officer's presence or view, if the offense is a violation of Chapter 49 of the Penal Code. *See* Tex. Code Crim. Proc. Ann. art. 14.03(d); *see also* Tex. Penal Code Ann. § 49.08(b).

Probable cause is a commonsense, nontechnical concept that deals with "'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Ornelas v. U.S.*, 517 U.S. 690, 695 (1996) (quoting *Ill. v. Gates*, 462 U.S. 213, 231 (1983)). "Probable cause deals with

10

probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Specific and articulable facts are required. *See Woodard*, 341 S.W.3d at 411-12. A mere suspicion or hunch is insufficient. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). To determine whether probable cause existed, we consider the totality of the circumstances. *Espinosa*, 666 S.W.3d at 667.

Giving proper deference to the trial court's findings of fact stated above, we hold that Ibarra showed probable cause for the issuance of the blood search warrant. Ibarra's affidavit states that he relied on information provided from the eyewitness who observed Barber consume alcohol in a bar before driving away in a vehicle and causing a fatal accident. *See Woodard*, 341 S.W.3d at 407-10, 412. Ibarra's affidavit also states Barber indicated signs of impaired driving. In determining he had probable cause to arrest Barber without a warrant, Ibarra also relied on his personal observations of Barber at the hospital. *See Woodard*, 341 S.W.3d at 412 (citing *Beverly v. State*, 792 S.W.2d 103, 105 (Tex. Crim. App. 1990)).

The fact that Ibarra did not see Barber commit the offense does not determine whether Ibarra could arrest Barber without a warrant for an offense committed "in his presence or in his view[,]" because Ibarra could consider all the information he knew before the arrest to determine whether there was sufficient information for him

11

to believe Barber committed the offense. *See id.* at 409-10 (citing Tex. Code Crim. Proc. Ann. art. 14.01(b)). In *Woodard*, the court concluded the offense was committed in the officer's presence or view where the officer did not observe the defendant commit the offense of DWI but relied on an anonymous tip about a single car accident. *See id.* at 407-10; *see also Lopez v. State*, 936 S.W.2d 332, 333-34 (Tex. App.—San Antonio 1996, pet. ref'd) (holding officer had right to make warrantless arrest for DWI despite not observing wreck).

We hold that under article 14.03(d), Ibarra, who was outside his jurisdiction, had the authority to arrest Barber without a warrant in Harris County for committing an offense in violation of Chapter 49 within Ibarra's presence or view. *See* Tex. Code Crim. Proc. Ann. art. 14.03(d); *Woodard*, 341 S.W.3d at 409-10. Since Ibarra had authority to arrest Barber in Harris County, he also had authority to execute the blood warrant and collect Barber's blood specimen because he was suspected of committing an intoxication offense under section 49.08 of the Penal Code. *See* Tex. Code Crim. Proc. Ann. art. 18.067. Accordingly, the trial court erred by concluding that the seizure of Barber's blood was unlawful. We conclude the trial court abused its discretion by granting Barber's Motion to Suppress. We sustain the State's sole issue.

## CONCLUSION

Having sustained the State's issue, we reverse the trial court's order granting

Barber's Motion to Suppress and remand for further proceedings.

REVERSED AND REMANDED.

JAY WRIGHT
Justice

Submitted on June 2, 2025
Opinion Delivered June 25, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

13